# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY,<br><br>   Plaintiff,<br>vs.<br><br>BERNZOMATIC, et al.,<br><br>   Defendants. | CASE NO. 11 CV 0068 MMA (POR)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION**<br><br>[Doc. No. 12] |

On February 16, 2011 Plaintiff Andrew Shalaby filed an *ex parte* application requesting clarification of the undersigned's chambers rules and Federal Rule of Civil Procedure 60. [Doc. No. 12.] For the reasons discussed below, the Court **DENIES** Plaintiff's *ex parte* application.

## DISCUSSION

Plaintiff asserts he "is unsure whether this Court still requires ex parte relief to file a Rule 60 motion, as well as whether this Court presently finds that it has no jurisdiction to entertain a Rule 60 motion after a dismissal or after completion of an appeal, and therefore respectfully requests clarification of these matters, in relation to Bernzomatic's pending motion to dismiss, as well as in relation to any such motions that may be required in the course of this action." [Doc. No. 12, p.4.]

/ / /

1    First, with respect to Plaintiff's uncertainty regarding whether he must file an *ex parte* 2 application for relief prior to filing a Rule 60 motion, the Court directs Plaintiff to the 3 undersigned's current chambers rules, which are publically available on the Court's website. The 4 rules areclear and concise, and do not require clarification.

5    Regarding Plaintiff's second inquiry, the Court advises that a Rule 60(b) motion 6 challenging an order issued in case number 07 CV 2107, *Shalaby v. Newell Rubbermaid Inc.*, in 7 which a final judgment has been reached, will not be accepted for filing in this action and will not 8 be considered in the 2007 action. In his application, Plaintiff suggests a Rule 60(b) motion is 9 appropriate under the principles set forth in *Life of the Land v. Ariyoshi*, 57 Haw. 249, 252 (Haw. 10 1976) and *Creamette Company v. Merlino*, 289 F.2d 569, 570 (9th Cir. 1961), which held that a 11 trial court could entertain a Rule 60 motion (or its equivalent) while an appeal was pending. The 12 Ninth Circuit has since articulated a clear procedure to govern Rule 60(b) motions filed after a 13 notice of appeal has been filed, while the appeal is pending:

> Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986). However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." *Id.* (internal quotation marks and citations omitted); *see also Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir. 2000) (holding that a district court order declining to entertain or grant a Rule 60(b) motion is not a final determination on the merits); *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (holding that the district court's denial of a request to entertain a Rule 60(b) motion is interlocutory and not appealable and that if the court is inclined to grant the motion, the movant first should request limited remand from the appellate court); *Crateo, Inc. v. Intermark, Inc.* (*In re Crateo, Inc.*), 536 F.2d 862, 869 (9th Cir. 1976) (declining to order a remand after the district court declined to entertain the Rule 60(b) motion).

24 *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). The record does not indicate Plaintiff 25 followed the above procedure in case number 07 CV 2107, or the related proceedings before the 26 Circuit Court during the pendency of the appeal.

27    More importantly however, a different standard applies in cases such as this one where the 28 appeal has concluded and the Ninth Circuit has issued its mandate. In such cases, the district court

1  must act in a manner consistent with the appellate court's mandate. *Palomo v. Baba*, F.2d 959,
2  960 (9th Cir. 1974).
3       On appeal, Plaintiffs challenged twelve specific orders by the District Court, including at
4  least three orders denying Plaintiffs leave to file motions for reconsideration of the judgment
5  entered in Defendants' favor. [*See* Doc. No. 232.] Although the Ninth Circuit did not expressly
6  address each order in its mandate, the Court of Appeals affirmed the District Court in all respects.
7  Accordingly, this Court will not entertain a motion for reconsideration that is intended to upset the
8  mandate issued by the Ninth Circuit. Plaintiff's *ex parte* application suggests that he desires to
9  seek reconsideration of this Court's order issued on May 19, 2010 [Doc. No. 269]. Although such
10  a motion would technically challenge a discrepancy order issued by the Court, in substance it
11  seeks to alter the judgment entered in the *Shalaby v. Newell Rubbermaid Inc.* case. That judgment,
12  entered by the District Court on July 28, 2009 and affirmed by the Ninth Circuit, is no longer
13  subject to reconsideration; the Ninth Circuit's mandate cannot be disturbed.
14       Finally, to the extent Defendant Bernzomatic's motion to dismiss suggests Plaintiff should
15  have filed a Rule 60 motion in the 2007 action, Plaintiff can raise his objections to this argument
16  in his opposition to Defendant's motion to dismiss; such objections are not appropriate via an *ex*
17  *parte* application.

## CONCLUSION

19       For the reasons set forth above, the Court **DENIES** Plaintiff's *ex parte* application, and
20  orders compliance with the terms and conditions stated herein.
21      **IT IS SO ORDERED.**

23  DATED: February 17, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge

- 3 -   11cv68