1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | ANDREW W. SHALABY | ) Civil No. 11cv68 AJB (POR) |
| 13 | Plaintiff, | ) |
| 14 | v. | ) **ORDER GRANTING MOTION** |
| | | ) **TO DISMISS AND DENYING** |
| 15 | BERNZOMATIC, an unincorporated | ) **MOTION FOR PREFILING ORDER** |
| | Division of IRWIN INDUSTRIAL TOOL | ) |
| 16 | COMPANY; IRWIN INDUSTRIAL TOOL | ) **[Doc. Nos. 5 and 6]** |
| | COMPANY; NEWELL OPERATING | ) |
| 17 | COMPANY, INC., and DOES 1 through 50, | ) |
| | INCLUSIVE; | ) |
| 18 | Defendants. | ) |

19      Before the Court are Defendants' motion to dismiss Plaintiff Andrew Shalaby's First Amended

20  Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6),

21  [Doc. No. 5], and motion for prefiling order, [Doc. No. 6]. For the reasons set forth below, the Court

22  hereby GRANTS Defendants' motion to dismiss and DENIES WITHOUT PREJUDICE Defendants'

23  motion for prefiling order.

24                                          ***FACTUAL BACKGROUND***

25      Plaintiff Andrew Shalaby purchased a handheld gas-powered torch from Home Depot produced

26  by Defendant Bernzomatic. He alleged that the torch malfunctioned causing injuries. On October 10,

27  2006, Shalaby filed a diversity product liability case under California law against Bernzomatic in the

28

1  Alameda County Superior Court. That action was removed and transferred to the Southern District of

2  California, Case No. 07cv2107 MMA (BLM) ("Prior Federal Action").

3       The Prior Federal Action lasted three years. The Honorable Michael M. Anello granted

4  Bernzomatic's motion for summary judgement in favor of Defendant on July 28, 2009. The Court

5  excluded all of Plaintiff's expert testimony finding the expert testimony was: 1) unreliable and

6  irrelevant; and 2) the expert was not a qualified expert, and even if she were, her testimony was

7  unreliable and irrelevant. [Order Granting Def.'s Mot. For Summ. J., Case No. 07cv2107, Doc. No. 209].

8  The Court's exclusion of these two witnesses' testimony meant that Plaintiff had not presented the

9  "expert testimony . . . required to establish causation." *Id.* (citing *Stephen v. Ford Motor Co.*, 134 Cal.

10  App. 4th 1363, 1373, 37 Cal. Rptr. 3d 9 (Cal. Ct. App. 2005). The Court ruled that Plaintiffs had not

11  presented any admissible evidence to create a triable issue of material fact on whether or not the torch

12  was defective. [*Id.* at p. 24].

13       The Ninth Circuit affirmed the District Court's decision and issued an opinion on May 17, 2010.

14  *See Shalaby v. Newell Rubbermaid, Inc.*, 379 Fed. Appx. 620 (9th Cir. 2010); [FAC ¶ 3].  The Supreme

15  Court denied Plaintiff's Petition for Writ of Certiorari on November 1, 2010. [FAC  ¶ 3] The Court notes

16  that Plaintiff also appears to have made attempts to litigate related claims in the Contra Costa Superior

17  Court.

18  ***LEGAL STANDARD***

19  ***I. Fed. R. Civ. P. 12(b)(6)***

20       A motion to dismiss under Rule 12(b)(6), tests the legal sufficiency of the pleadings, and allows

21  a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which

22  relief may be granted.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).   The court may dismiss

23  a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a

24  cognizable legal claim."  *SmileCare Dental Grp. v. Delta Dental Plan of Cal*., 88 F.3d 780, 783 (9th Cir.

25  1996) (citation omitted).  However, a complaint survives a motion to dismiss if it contains "enough facts

26  to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

27  (2007).

28

1    Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true.

2    *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).  It is also improper for

3    the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen.*

4    *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  On the other

5    hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then

6    determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1929.  The

7    court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing

8    all reasonable inferences in favor of the nonmoving party.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th

9    Cir. 2009) (citations omitted).

10   **II. Leave to Amend**

11       FRCP 15(a) declares that the "court should freely give leave when justice so requires." Fed. R.

12   Civ. P. 15(a). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject

13   of relief, he ought to be afforded an opportunity to test his claims on the merits. *Foman v. Davis*, 371

14   U.S. 178, 182 (1962). Although there is a general rule that parties are allowed to amend their pleadings,

15   it does not extend to cases in which any amendment would be an exercise in futility or where the

16   amended complaint would also be subject to dismissal. *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d

17   1326, 1331 (9th Cir. 1996); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Dismissal without

18   leave to amend is proper if it is clear that the complaint could not be saved by amendment. *Eminence*

19   *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

20   **III. Federal Rule of Civil Procedure Rule 9(b)**

21       Fraud claims must be plead to satisfy the particularity requirements of FRCP 9(b). A claim of

22   fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or

23   nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

24   justifiable reliance; and (e) resulting damage." *In re Estate of Young*, 160 Cal. App. 4th 62, 79

25   (2008) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (internal quotation marks

26   omitted)). Federal Rule of Civil Procedure 9(b) requires that each of these elements be pleaded with

27   particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time,

28   place and specific content of the false representations as well as the identities of the parties to the

misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); *see In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### *DISCUSSION*

Plaintiff, an attorney licensed by the state of California, initiated this law suit *pro se* on January 12, 2011. He filed the FAC a day later on January 13, 2011. [Doc. No. 3]. Plaintiff alleges five causes of action against Bernzomatic: (1) Declaratory Relief; (2) Fraud; (3) Intentional Tort; (4) Negligence; and (5) Injunctive Relief. Bernzomatic has moved to dismiss all claims based on the doctrine of res judicata, failure to state a claim for fraud, and that the statute of limitation has passed. The Defendants have also filed a motion for prefiling order and a request for judicial notice.

### *I. Defendants' Requests for Judicial Notice*

Under Federal Rule of Evidence (hereinafter "FRE") Rule 201(b), the Court can take judicial notice of facts not subject to reasonable dispute, including the existence of orders and decisions by other courts. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Under FRE 201(d), the Court must take notice if requested by a party and if supplied with the necessary information.

Defendants' have filed three requests for judicial notice. The first request for judicial notice, [Doc. No. 5-4], requests judicial notice of: (1) documents filed in Prior Federal Action; (2) records related to appeal of Prior Federal Action; and (3) records related to the state action. The second request for judicial notice, [Doc. No. 10], requests judicial notice of: 1) Court's Chamber Rules as they existed in the year 2009; 2) this Court's order in case number 07CV2107-MMA (BLM), dated 08/07/2009, [Doc. No. 220]; and 3) this Court's order in case number 07CV2107-MMA (BLM), dated 05/19/2010, [Doc. No. 269]. Bernzomatic has provided this Court with copies of these documents. The third request for judicial notice, [Doc. Nos. 6-7], requests judicial notice of: (1) Order issued by this Court awarding costs in the Prior Federal Action [Doc. No. 251]; 2) Order issued by the Ninth Circuit [Doc. No. 272]; 3)

Order Denying in Part and Granting in Part Plaintiffs' Motion to Strike in Prior Federal Action [Doc. No. 191]; 4) Order Denying Plaintiffs' Ex Parte Application for Leave to File Motion for Relief from Judgment of Dismissal in Prior Federal Action [Doc. No. 214]; 5) Order Denying Plaintiffs' Request for Repeal of Chamber Rule and Denying Plaintiffs' Ex Parte Application to File Motion for Reconsideration in Prior Federal Action [Doc. No.  220]; 6) Order Denying Motion for Leave to File Plaintiffs' Ex Parte Application to File Motion for Reconsideration Re: Dismissal of Plaintiffs' Action in Prior Federal Action [Doc. No. 227]; 7) Order Denying Plaintiffs' Ex Parte Applications to Continue Costs Hearing in Prior Federal Action [Doc. No. 242]; 8) Order Denying Ex Parte Applications to Continue Costs Hearing in Prior Federal Action [Doc. No. 242]; 9) Order Denying Plaintiffs' Motion to Retax Costs in Prior Federal Action [Doc. No. 265]; 10) Order Denying Plaintiffs' Ex Parte Application to Continue Motion to Tax Costs Until Appeal Concludes in Prior Federal Action [Doc. No. 258]; 11) Order Denying Plaintiffs' Ex Parte Request for Recusal in Prior Federal Action [Doc. No. 263]; 12) Notation in the docket that the "Notification of Death" filed by Mr. Shalaby in the Prior Federal Action was stricken from the record [Doc. No. 266]; 13) Notice of Document Discrepancies and Order Thereon in Prior Federal Action [Doc. No. 267]; 14) Notice of Document Discrepancies and Order Thereon in Prior Federal Action [Doc. No. 269]; 15) Docket in State Action; 16) Minute Order in State Action; 17) Docket in the Prior Federal Action; 18) this Court's Order granting summary judgment to Bernzomatic in the Prior Federal Action.

Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001). However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." *Intri-Plex Technologies, Inc. v. Crest Group Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting *Lee*, 250 F.3d at 689).  The Plaintiff has not opposed Defendant's request or disputed the authenticity of these documents. Accordingly, the Court hereby GRANTS Defendant's request for judicial notice  of the documents in the Prior Federal Action, the subsequent Appeal, and records related to the state court action pursuant to Rule 201 of the Federal Rules of Evidence as needed to resolve the pending motions.

1    The Court DENIES AS MOOT Defendants' duplicative requests and Defendants request for judicial

2    notice of the Court's Chamber Rules as they existed in the year 2009.

3

4    *II. Declaratory Relief*

5           Plaintiff asks this Court for a Declaratory Judgement establishing that the application of

6    *Daubert[1]* in cases brought under substantive California law is inconsistent with California law. Plaintiff

7    essentially asks this court to set aside the judgment of dismissal in the Prior Federal Action. [FAC ¶

8    14-15].  The Plaintiff argues that application of *Daubert* in California diversity cases brought in federal

9    courts violates the Equal Protection clause of the Fourteenth Amendment, promotes forum shopping,

10   and results in decisions inconsistent with California law. [FAC ¶ 13-14].

11          Federal Rule of Evidence 702 governs admissibility of expert testimony in federal courts.

12   Pursuant to Rule 702, a witness qualified as an expert in "scientific . . . knowledge" may testify thereto

13   if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable

14   principles and methods; and (3) the witness has applied the principles and methods to the facts of the

15   case." Fed. R. Evid. 702. The trial court acts as a gatekeeper to the admission of expert scientific

16   testimony under Rule 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993).

17   The court must conduct a preliminary assessment to "ensure that any and all scientific testimony or

18   evidence admitted is not only relevant but reliable." *Id*. at 589.

19          It is well established that federal law governs questions regarding admissibility of evidence in a

20   federal diversity case. The Federal Rules of Evidence "govern proceedings in the courts of the United

21   States." Fed. R. Evid.101; *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). The Ninth Circuit has

22   repeatedly affirmed this assertion regarding admissibility of expert testimony. *Clausen v. M/V/ New*

23   *Carissa*, 339 F.3d 1049, 1055 (9th Cir. 2003) ("Federal Rule of Evidence 702 governs the admissibility

24   of scientific evidence in federal district court"); *Bourne v. Zak*, 895 F.2d 1416 (9th Cir. 1990) ("The

25   admissibility of expert testimony in a diversity case is a matter of federal law, governed by the Federal

26   Rules of Evidence"). *Daubert* held that Federal Rule of Evidence 702 replaces the old *Frye* "general

27   acceptance in the particular field" standard. *Frye v. United States*, 293 F. 1013. Though there are

28

_____

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993).

1  exceptions, "such as state substantive law in the guise of an evidentiary rule," those do not apply here.

2  *Primiano*, 598 F.3d at 563 (citing *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003)).

3       Based upon the foregoing, the Court GRANTS Bernzomatic's motion to dismiss Plaintiff's

4  declaratory relief cause of action WITH PREJUDICE, as this Court will not lightly set aside confirmed

5  precedent.

6  ### III. Plaintiff's Fraud Claims

7       Plaintiff alleges that Bernzomatic misrepresented its product and provided false information

8  during the Prior Federal Action. [FAC ¶ 19]. Plaintiff states that Bernzomatic represented its brazing

9  compound, used to assemble its products, to be composed of three elements, copper, nickel, and

10  phosphorous. [FAC ¶ 10]. Plaintiff's expert opined, in the Prior Federal Action, that the product only

11  contained copper and nickel, which would affect the melting point of the compound, thereby creating

12  possible defects. *Id.* Plaintiff asserts this based on information he received from Mr. David Thomas, a

13  former employee who claimed to have evidence that there was a problem with the temperature for the

14  melting point of the braze compound. [FAC ¶ 19]. Mr. Thomas contacted Plaintiff ten months after the

15  Court granted summary judgment. Plaintiff argues that had this evidence been known and disclosed to

16  the Court, the Court would not have granted summary judgment in the Prior Federal Action. [FAC ¶ 22].

17  The Court interprets the Plaintiff's fraud claim as both an independent action to set aside a previous

18  judgment procured by fraud and a general theory of fraud.

19       ### A. Fraud Claim as an Independent Action

20       To successfully plead an independent action, Plaintiff's allegations must satisfy the general

21  requirements of a suit in equity. *See Treadaway v. Academy of Motion Picture Arts and Sciences*, 783

22  F.2d 1418, 1420 (9th Cir. 1986). Plaintiff must establish (1) he has a meritorious claim or defense; (2)

23  the plaintiff is diligent and not at fault; (3) there is a lack of alternative remedy, and (4) the judgment is

24  "manifestly unconscionable." *U.S. Care, Inc. v. Pioneer Life Ins. Co. Of Illinois*, 244 F. Supp. 2d 1057,

25  1062 (C.D. Cal., 2002).

26       Rule 60(b) is typically applied through a noticed motion in the underlying action to set aside a

27  previous judgment. *See United States v. Beggerly*, 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32

28  (1998). However, a party may bring an independent action in equity to set a judgment. *Id.* Relief from

11cv68

1    judgment pursuant to an independent action must be granted only in instances of grave injustice. *Id.* at

2    46 (internal quotations omitted) ("Independent action must, if Rule 60(b) is to be interpreted as a

3    coherent whole, be reserved for those cases of injustices which, in certain instances are deemed

4    sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata")

5         Plaintiff has not shown that there were no other available remedies.  A Rule 60 motion is

6    considered timely if brought within one year of the entry of judgment or order.  *See* Fed. R. Civ. P. Rule

7    60(c)(1). Plaintiff states that he received information from Mr. Thomas on or about May 19, 2010. [FAC

8    ¶ 19]. Plaintiff could have filed a timely Rule 60(b) to set aside the July 28, 2009 Judgment for alleged

9    fraud, misrepresentation, or misconduct by an opposing party, as the time limit had not yet expired. Fed.

10   R. Civ. P 60(b)(3). There was simply no reason that Plaintiff could not have made a Rule 60(b) motion

11   in the Prior Federal Action.

12        Plaintiff, did not file an ex parte application requesting clarification of Judge Anello's chambers

13   rules and the Federal Rule of Civil Procedure 60 until February 16, 2011.  In his ex parte application,

14   Plaintiff stated that he was unsure about whether "this Court presently finds that it has no jurisdiction to

15   entertain a Rule 60 motion . . . after completion of an appeal." [Doc. No. 12, p. 4]. The Ninth Circuit set

16   forth the proper procedure in such instances in *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007).

17   As previously noted, Plaintiff is a licensed attorney and as such could have discovered the applicable

18   case law regarding Rule 60 motions while an appeal was pending, if he exercised due diligence. Plaintiff

19   has failed to explain the delay in bringing a proper Rule 60 motion and the Court does not find the

20   Plaintiff's claimed confusion regarding the requirements of Rule 60 to be particularly persuasive in light

21   of the fact that Plaintiff is a licensed attorney.

22        Furthermore, the Ninth Circuit explained that the basis for an independent action to set aside a

23   judgment for fraud on the court lies in misconduct that "harm[s] the integrity of the judicial process." *In*

24   *re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). *In Appling v. State Farm Mut. Auto. Ins. Co.*, 340

25   F.3d 769 (9th Cir. 2003), the Court reiterated that "fraud on the court" is to be read narrowly and applied

26   the following definition:

27           "Fraud upon the court . . . embrace[s] only that species of fraud which
             does or attempts to, defile the court itself, or is a fraud perpetrated by

28           officers of the court so that the judicial machinery can not perform in the
             usual manner its impartial task of adjudging cases that are presented for

1    adjudication." *Id.* at 784-85 (quoting *Levander*, 180 F.3d at 1119).
Non-disclosure, or perjury by a party or witness, does not by itself,
2    amount to fraud on the court. *Levander*, 180 F.3d at 1119-20.

3        Plaintiff's fraud allegations do not satisfy the Circuit's definition of fraud that can serve as a

4  basis for an independent action to set aside a prior judgment. "Ordinary perjury is not actionable."

5  *Appling*, 340 F.3d at 784-845. The fact that Bernzomatic represented its brazing compound to contain

6  three elements, and not just two, does not amount to the type of fraud that would "defile the court" or

7  render the court unable to "perform in the usual manner its impartial task of adjudging cases . . . "

8  *Lavender*, 180 F.3d at 1119. Furthermore, Plaintiff was able, and did, assert his theory that there were

9  only two elements in the brazing compound. The Court ruled to exclude Plaintiff's expert testimony not

10  because of any alleged fraud perpetrated by Bernzomatic. The Court ruled after considering a number of

11  grounds, such as the unreliability of expert's testing, expert's exclusion of witness accounts, lack of

12  evidence that the design flaw caused injuries, and so forth. [*See* Order Granting Def.'s Mot. For Summ.

13  J. Case No. 07cv2107, Doc. No. 209]. The Court performed its role in an impartial manner on the

14  motion for summary judgment.

15        Since it is clear that this cause of action cannot be saved by amendment, the Court hereby

16  GRANTS Defendants' motion to dismiss WITH PREJUDICE the Plaintiff's fraud claim serving as an

17  independent basis to set aside the previous judgment in the Prior Federal Action.

18        **B. Fraud Claim**

19        If Plaintiff's fraud claim is a general theory of fraud and not an independent basis to set aside a

20  previous judgment, it also fails. It is established law, in this circuit and elsewhere, that Rule 9(b)'s

21  particularity requirement applies to state-law causes of action. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

22  1097, 1102, (9th Cir. 2003). "[W]hile a federal court will examine state law to determine whether the

23  elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that

24  the circumstance of the fraud must be stated with particularity is a federally imposed rule. *Id.* (quoting

25  *Hayduck v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985)). In the instant case, Plaintiff has not alleged that

26  Bernzomatic intended to commit fraud, that there was justifiable reliance on the fraud, that there was

27  resulting damage besides an adverse judgment, or who specifically committed the fraud. He also fails to

28  satisfy rule 9(b)'s particularity requirement.

1    The Court notes Bernzomatic's concern that Plaintiff's allegations are based solely

2    unsubstantiated hearsay.  However, since it is plausible that Plaintiff could cure these deficiencies by

3    amendment, the Court hereby GRANTS Defendants' motion to dismiss WITH LEAVE TO AMEND, to

4    allow the Plaintiff to plead this claim with particularity to satisfy the requirements of Rule 9(b). Plaintiff

5    must do more than just claim that alleged documents, memorandum, and tests exist and must provide

6    more than declarations based entirely on hearsay. Averments of fraud must be accompanied by the

7    "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317

8    F.3d 1097, 1106 (9th Cir. 2003).

9    ***IV. Plaintiff's Intentional Tort and Negligence Claims***

10    The Court must determine whether the Plaintiff's intentional tort and negligence claims in the

11    instant action are bared by res judicata. Plaintiff alleges that he "is a present-day purchaser and user of

12    the subject torches" in dispute. [FAC ¶ 32.] He claims to have purchased subsequent torches for testing

13    purpose to determine if they are safe after the Prior Federal Action. [*Id.* at ¶¶ 32-33.] Plaintiff claims

14    that several of the cylinders purchased have failed. Bernzomatic moves to dismiss these claims on the

15    grounds that they are barred by res judicata.

16    Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could

17    have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th

18    Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). The forum

19    state's law of claim preclusion governs the preclusive effect given to the claim in a federal diversity

20    court's dismissal. *See Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001) ("Since in

21    diversity cases, state, rather than federal, substantive law is at issue, there is no need for a uniform

22    federal rule; and nationwide uniformity is better served by having the same claim-preclusive rule (the

23    state rule) apply whether the dismissal has been ordered by a state or a federal court"). "To determine

24    the preclusive effect of a state court judgement, federal courts look to state law." *Intri-Plex*

25    *Technologies, Inc. v. The Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

26    California courts describe res judicata as "the preclusive effect of a final judgment on the merits.

27    Res judicata prevents relitigation of the same cause of action in a second suit between the same parties

28    or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896, 123 Cal. Rptr.

10

2d 432, 437, 51 P. 3d 297 (2002) (citing *Lucido v. Superior Court*, 51 Cal. 3d 335, 272 Cal. Rptr. 767, 795, P.2d 1223 (1990)). California courts require three elements to be satisfied for a prior judgment to bar subsequent action: (1) the issues decided in the prior adjudication are identical with those presented in the later action; (2) there was a final judgment on the merits in the prior action; and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication. *Consumer Advocacy Group, Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 686-87 (Cal. Ct. App. 2008).

The crux of Plaintiff's argument that res judicata should not apply to these claims is that the allegations in the FAC stem from his continuous use of the subject torches, purchased for himself and his employees. [FAC ¶ 34]. Plaintiff states that he has "suffered the additional losses incurred by loss of use of these failed cylinders," referring to subsequent purchases. [FAC ¶ 33]. Plaintiff does not allege any other injuries, he merely describes the injuries that initiated the Prior Federal Action. [FAC ¶ 47]. Plaintiff alleges theories of strict liability, breach of warranty, negligence, and failure to warn. These were the exact issues argued in the Prior Federal Action. In the Plaintiff's Prior Federal Action, there was a final judgment on the merits. The Court granted summary judgment in the Prior Federal Action when it found that "Plaintiff failed to provide the Court with any admissible evidence to create a triable issue of material fact regarding whether the torch was defective." [Order Granting Def.'s Mot. For Summ. J. Case No. 07cv2107, Doc. No. 209, p. 24.] *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F. 3d 683, 686 (9th Cir. 2005); *Columbus Line Inc. v. Gray Line Sight-Seeing Co. Assoc. Inc.*, 120 Cal. App. 3d 622, 629 (Cal. Ct. App., 1981) ("The summary judgment on the complaint is a judgment on the merits and it has become final") (citations omitted). Plaintiff does not allege any actual injury resulting from his "present-day" use of the torches.

California Courts have expressed that "liability for product defects, while strict, is not absolute." *Taylor v. Elliott Turbomachinery Co., Inc.*, 171 Cal. App. 4th 564, 576 (Cal. Ct. App. 2009) (citations omitted). "Manufacturers are not insurers of their products and are liable in tort only when defects in the products cause injury." *Id.* (citations omitted). Plaintiff cannot recover for losses incurred by "loss of use of failed cylinders", for which he cannot show actual damages.

1    The Plaintiff cannot base his present claims on the previously litigated prior injury he suffered. It

2    is the same "harm" according to California law. In the Prior Federal Action, the Court ruled on the

3    merits of those claims and the Ninth Circuit affirmed.  Based upon the foregoing, the Court hereby

4    GRANTS Bernzomatic's motion to dismiss Plaintiff's intentional tort (battery) and negligence claim

5    (product liability) WITH PREJUDICE, as the Court finds that the Plaintiff cannot show standing to

6    bring these claims and any attempt to litigate on the injury that initiated the Prior Federal Action is

7    barred by res judicata.

8    ### V. Injunctive Relief under California Business & Professions Code § 17200

9    Plaintiff asks this Court to grant injunctive relief mandating Bernzomatic publically disclose the

10   "defects and hazards described" by Plaintiff and to issue a recall. [FAC ¶ 55]. Plaintiff claims that

11   "many users of the subject torches have suffered severe and permanent burn injuries."[2] [FAC ¶ 54].

12   The California Unfair Competition Law ("UCL") prohibits unlawful, unfair, or fraudulent

13   business act[s] or practice[s] and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.

14   Code § 17200. To state a claim under the UCL, a plaintiff must plead: (1) that the defendant engaged in

15   one of the practices prohibited by the statute and (2) plaintiff suffered actual injury in fact as a result of

16   defendant's actions. *Rolling v. E*Trade Securities, LLC.*, 756 F. Supp. 2d 1179, 1192 (N.D. Cal. 2010).

17   As such, the Court finds that the Plaintiff has failed to sufficiently plead a UCL claim. Plaintiff does not

18   allege how Defendant violated the UCL and does not allege any resulting injury from any violating act.

19   A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

20   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

21   equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def.*

22   *Council*, 555 U.S. 7, 20 (2008). As a preliminary matter, the Plaintiff's UCL claim is unsupported and

23   does not meet the Supreme Court's interpretation of the pleading requirements of Rule 8 of the Federal

24   Rules of Civil Procedure. Plaintiff has not pled enough facts to state a claim for relief that is plausible on

25   its face. The Plaintiff's claims consist of mere allegations and conclusions without factual support. For

26   example, who are the other "users of the subject torch" that have suffered, how did he receive this

27

28   [2] As a preliminary matter, the Court finds that the Plaintiff lacks standing to bring any claims on
     behalf of the "many users of the subject torches have suffered severe and permanent burn injuries."

1  information, were they injured in the same manner as Plaintiff from the same defects, did they misuse

2  the product in anyway, and so forth. The Prior Federal Action already addressed the issue of alleged

3  defects. The Court there stated that the Plaintiff had not met his burden to show there was a triable issue

4  of fact regarding any torch defects. [*See* Order Granting Def.'s Mot. For Summ. J. Case No. 07cv2107,

5  Doc. No. 209, pp. 20-24]. The Plaintiff's pleadings do not meet the standard for a Court to grant

6  injunctive relief.  Based upon the foregoing, Defendants' motion to dismiss is GRANTED WITHOUT

7  PREJUDICE as to the Plaintiff's claims for injunctive relief under California Business & Professions

8  Code § 17200.

9  ### *VI.  Defendant's Motion for Prefiling Order*

10        Defendant Bernzomatic requests that this Court issue a prefiling order.  The prefiling order

11  would require Plaintiff to obtain leave of court "prior to filing any new actions against any defendant, in

12  any forum, related in any way to the injuries he sustained on April 21, 2006." [Def.'s P & A in Support

13  of Motion for Prefiling Order at 10.]  Bernzomatic requests that Plaintiff be required to "verify and

14  document payment in full of the costs awarded to Bernzomatic from this Court and the Ninth Circuit."

15  If this Court deems leave appropriate, Bernzomatic requests the Court require the Plaintiff to post a

16  $25,000 bond, or "approximately double the outstanding cost awards to date to secure future costs

17  before filing any claims."  *Id*.  In addition, Bernzomatic requests that the order apply to Plaintiff's wife,

18  Sonia Dunn-Ruiz and any other person acting on their behalf.  *Id*.

19        The All Writs Act, 28 U.S.C. § 1651(a), gives district courts power to enjoin litigants with

20  abusive and lengthy histories from filing further litigation without first obtaining leave of court.  *De*

21  *Long v. Hennessey*, 912, F.2d 1144, 1147 (9th Cir. 1990).  "Flagrant abuse of the judicial process cannot

22  be tolerated because it enables one person to preempt the use of judicial time that properly could be used

23  to consider the meritorious claims of other litigants."  *Id*. at 1148.  Nevertheless, a prefiling order is

24  considered an extreme remedy and as such, should rarely be granted.  *Id*. at 1147. "Courts should not

25  enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right

26  of access to the courts."  *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007).

27  Thus, "orders restricting a person's access to the courts must be based on adequate justification

28  supported in the record and narrowly tailored to address the abuse perceived."  *De Long*, 912 F.2d at

1149.

1       A district court must consider four factors before entering a prefiling order.  "First, the litigant

2   must be given notice and a chance to be heard before the order is entered."  *Molski*, 500 F.3d at 1057,

3   citing *De Long*, 912 F.2d at 1147-48.  Next, "the district court must compile 'an adequate record for

4   review.'"  *Id*.  "Third, the district court must make substantive findings about the frivolous or harassing

5   nature of the plaintiff's litigation."  *Id.*  Lastly, "the vexatious litigant order 'must be narrowly tailored to

6   closely fit the specific vice encountered.'"  *Id*.

7       Plaintiff has a lengthy history of filing motions in the Prior Federal Action, both in this Court

8   and before the Ninth Circuit.  In Defendant's motion for prefiling order, Defendant sets forth twenty of

9   the motions Plaintiff filed in the Prior Federal Action. [Def.'s Memo. of Points & Anthorities at 2-5.]

10  Several of Plaintiff's motions were denied because the court found they lacked merit.  Specifically,

11  Plaintiff's motion to strike [Doc. No. 190], his August 5, 2009 Motion Requesting Repeal of Chamber's

12  Rule III [Doc. No. 217], and his motion to retax costs [Doc. No. 253] were denied because the court

13  found that they were without merit.  In addition, Plaintiff also has a history of attempting to relitigate

14  issues already decided by the court.  This Court dismissed with prejudice Plaintiff's intentional tort and

15  negligence claims as barred by res judicata.  Likewise, Plaintiff's Ex Parte Motion for Leave to File

16  Motion for Relief Pursuant to Rules 59 and 60 [Doc. No. 211] and the Plaintiff's two motions for

17  reconsideration, [Doc. Nos. 218, 226], were all dismissed because Plaintiff merely attempted to re-frame

18  his prior arguments that had already been considered and rejected.  The Plaintiff has been warned

19  previously by this Court that sanctions would be imposed if he continued his efforts to relitigate issues

20  that were already decided. [Doc. Nos. 265, 263, 267, 269.]

21      Although Plaintiff has a lengthy history of filing motions in the Prior Federal Action, the Court

22  declines to issue a prefiling order at this time.[3]  However, the Plaintiff is warned that any failure to

23  _____

24      [3] The Court notes that it has considered the four factors required to issue a prefiling order, and
finds Defendant Bernzomatic's motion has merit.  First, Plaintiff has been given notice of Defendant's

25  motion for prefiling order and a chance to be heard in his Opposition [Doc. No. 7].  Second, Plaintiff's
history in the Prior Federal Action is outlined above.  Third, as discussed above, the Court finds that the

26  motions discussed above are generally frivolous, as they were continually found to either be without
merit or a mere rehashing of arguments already considered and rejected.  Finally, Defendant's prefiling

27  order was narrowly tailored to address the specific vice encountered.  Defendant's proposed order would
require Plaintiff, his wife, or any person or agent acting on their behalf to seek and obtain leave of court

28  prior to filing any new actions against any defendant, in any forum, related in any way to the injuries he
sustained on April 21, 2006.  Further, Plaintiff would be required to "verify and document payment in
full of the costs awarded to Bernzomatic from this Court and the Ninth Circuit" and may "be required to
post bond" if leave is deemed appropriate. [Doc. No. 6 at 10.]  *See Wood v. Santa Barbara Chamber of*

1   comply with this Order or any attempt to relitigate the claims dismissed in this Order will result in

2   sanctions.[4]  Based upon the foregoing, the Defendants' motion for prefiling order is DENIED

3   WITHOUT PREJUDICE.

4                                    ***CONCLUSION***

5         For the reasons set forth above, the Court hereby GRANTS Defendant Bernzomatic's motion to

6   dismiss as follows:

7   1.      Plaintiff's Declaratory Relief claim is DISMISSED WITH PREJUDICE.

8   2.      Plaintiff's Fraud Claim as an Independent Action to set aside a prior judgment is DISMISSED

9   WITH PREJUDICE. Plaintiff's general theory of Fraud is DISMISSED WITHOUT PREJUDICE.

10  3.      Plaintiff's Intentional Tort claim is DISMISSED WITH PREJUDICE.

11  4.      Plaintiff's Negligence claim is DISMISSED WITH PREJUDICE.

12  5.      Plaintiff's Injunctive Relief claim is DISMISSED WITHOUT PREJUDICE.

13          Defendants' requests for judicial notice are GRANTED IN PART AND DENIED IN PART as

14  set forth herein. Defendants' motion for prefiling order is DENIED WITHOUT PREJUDICE.

15          Plaintiff may file an amended complaint within thirty (30) calendar days from the date of this

16  Order. Should Plaintiff fail to amend his complaint within the time permitted, his claims will be

17  dismissed WITH PREJUDICE.

18          IT IS SO ORDERED.

19

20  DATED:  September 9, 2011

21                                                    _____

22                                                    Hon. Anthony J. Battaglia
                                                      U.S. District Judge

23

24

25  _____

26  *Commerce*, 705 F.2d 1515, 1525-26 (9th Cir. 1983).

27      [4] *See Moy v. U.S.*, 906 F.2d 467, 471 (9th Cir. 1990) (court issued a prefiling order to prevent
    plaintiff from relitigating claims against the same defendants); *DeNardo v. Murphy*, 781 F.2d 1345 (9th
    Cir. 1986) (plaintiff enjoined from filing any complaint relating to an already-litigated issue without
28  permission from court); *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1525-26 (9th
    Cir. 1983) (plaintiff restricted from filing new actions paralleling the issues being litigated in a case and
    preventing him from relitigating issues decided in two cases).