UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W. SHALABY | ) Civil No. 11cv68 AJB (POR) |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING MOTION |
| | ) TO DISMISS; DENYING EX |
| BERNZOMATIC, an unincorporated | ) PARTE APPLICATION TO FILE |
| Division of IRWIN INDUSTRIAL TOOL | ) SUPPLEMENTAL COMPLAINT; |
| COMPANY; IRWIN INDUSTRIAL TOOL | ) AND DENYING REQUESTS FOR |
| COMPANY; NEWELL OPERATING | ) JUDICIAL NOTICE |
| COMPANY, INC., and DOES 1 through 50, | ) |
| INCLUSIVE; | ) [Doc. Nos. 36, 41, 43 and 45] |
| Defendants. | ) |

Defendants' filed a motion to dismiss, [Doc. No. 36], the Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and also argues that the Plaintiff's claims are barred by the statute of limitations. The Plaintiff filed an opposition to Defendants' motion to dismiss, [Doc. No. 37], and subsequently filed a request for judicial notice on January 25, 2012, [Doc. No. 41]. The Defendants filed a reply, [Doc. No. 38], and an objection to the Plaintiff's request for judicial notice, [Doc. No. 42].

On February 23, 2012, the Plaintiff filed an ex parte application for leave to file a supplemental complaint, [Doc. No. 43], and on March 1, 2012, a request for judicial notice in support of the ex parte application, [Doc. No. 45]. On February 24, 2012, the Defendants' filed a response to the ex parte application, [Doc. No. 44], and a response in opposition to the request for judicial notice, [Doc. No. 46].

The hearing on the motion to dismiss set for March 9, 2012 is hereby vacated as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Defendants' motion to dismiss, [Doc. No. 36], is GRANTED and the Plaintiff's ex parte application for leave to file a supplemental complaint, [Doc. No. 43], and request for judicial notice in support of the ex parte application, [Doc. No. 45], are DENIED.

## *Factual Background*

Andrew Shalaby ("Plaintiff") purchased a hand-held gas-powered torch from Home Depot produced by Bernzomatic, et al. ("Defendants"). Plaintiff alleged he sustained injuries on April 21, 2006 due to a torch malfunction. On October 10, 2006, Plaintiff filed a diversity products liability case under California law against Defendants in the Alameda County Superior Court. The action was removed to the Northern District of California and transferred to the Southern District of California, Case No. 07cv2107 MMA (BLM) ("Prior Federal Action"). The Honorable Michael M. Anello granted Defendants' motion for summary judgement on July 28, 2009. The Ninth Circuit Court of Appeals affirmed the district court's decision and issued an opinion on May 17, 2010. *See Shalaby v. Newell Rubbermaid, Inc.*, 379 Fed. Appx. 620 (9th Cir. 2010); [FAC ¶ 3]. The Supreme Court denied Plaintiff's Petition for Writ of Certiorari on November 1, 2010. [FAC ¶ 3].

Plaintiff, an attorney licensed by the state of California, initiated this law suit, pro se, on January 12, 2011. He filed the FAC a day later on January 13, 2011. [Doc. No. 3]. Plaintiff alleged five causes of action against Bernzomatic: (1) Declaratory Relief; (2) Fraud; (3) Intentional Tort; (4) Negligence; and (5) Injunctive Relief. On February 4, 2011, Defendants filed a motion to dismiss for failure to state a claim, which was subsequently granted on September 9, 2011. At that time, all of Plaintiff's claims were dismissed with prejudice, except for Plaintiff's general theory of fraud and request for injunctive relief, which were dismissed without prejudice. Plaintiff filed a SAC on October 8, 2011, which further alleges a claim under a general theory of fraud and seeks injunctive relief. Plaintiff also pleads a cause of action for fraud and unfair business practices. Defendants filed the instant motion to dismiss SAC on October 18, 2011.

///

///

### Legal Standard

#### I.    Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, tests the legal sufficiency of the pleadings, and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1929. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted).

#### II.    Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure declares that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal. *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Dismissal without leave to amend is proper if it is clear that the complaint could not be

saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

### III. Federal Rule of Civil Procedure Rule 9(b)

Fraud claims must be plead to satisfy the particularity requirements of Rule 9(b) of the Federal Rule of Civil Procedure . A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)). Rule 9(b) requires that each of these elements be pleaded with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); *see In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

## *Discussion*

Presently before the Court are: 1) several requests for judicial notice; 2) the Defendants' motion to dismiss the SAC; and 3) the Plaintiff's ex parte application for leave to file a supplemental complaint.

### I. Requests for Judicial Notice

Under Federal Rule of Evidence ("FRE") Rule 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). Taking judicial notice of findings of fact from another case exceeds the limits of Rule 201 . *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491

(9th Cir.1983).[1]  Under FRE 201(c), the Court must take notice if requested by a party and if supplied with the necessary information.

### A. *Defendants' Request for Judicial Notice*

Defendants have filed two requests for judicial notice.  The first request for judicial notice, [Doc. No. 36-3], requests judicial notice of: (1) the First Amended Complaint in the Prior Federal Action; and (2) the Material Safety Data Sheet ("MSDS"). Defendants' second request for judicial notice, [Doc. No. 38-1], requests judicial notice of: 1) pleadings filed in Prior Federal Action; 2) Order denying Plaintiff's motion in Prior Federal Action [Doc. No. 131]; 3) Motion to File [Proposed] Second Amended Complaint [Doc. No. 98]; and (4) Order denying Plaintiff's Motion for Leave to File a Second Amended Complaint in the Prior Federal Action [Doc. No. 204].

Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." *Intri-Plex Technologies, Inc. v. Crest Group Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting *Lee*, 250 F.3d at 689).  The Plaintiff has not opposed Defendants' request or disputed the authenticity of these documents. Accordingly, the Court hereby GRANTS Defendants' request for judicial notice of the documents in the Prior Federal Action, the subsequent Appeal, and records related to the state court action pursuant to Rule 201 of the Federal Rules of Evidence as needed to resolve the pending motions. Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a

---

[1] Taking judicial notice of findings of fact from another case exceeds the limits of Rule 201.  *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). Other circuits have held that a court may not take judicial notice of findings of fact from a different case for their truth. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir.1998)*; Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 & n. 6 (7th Cir.1997); *Orix Credit Alliance, Inc. v. Delta Res., Inc.* (In re Delta Res., Inc.), 54 F.3d 722, 726 (11th Cir.1995); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994); *Holloway v. Lockhart*, 813 F.2d 874, 878-79 (8th Cir.1987).

motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." Intri-Plex Technologies, Inc. v. Crest Group Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting *Lee*, 250 F.3d at 689). The Plaintiff has not opposed Defendants' request or disputed the authenticity of these documents. Accordingly, the Court hereby GRANTS Defendants' request for judicial notice of the Material Safety Data Sheet ("MSDS"), the documents in the Prior Federal Action, the subsequent Appeal, and records related to the state court action pursuant to Rule 201 of the Federal Rules of Evidence as needed to resolve the pending motions.

### B. *Plaintiff's Requests for Judicial Notice*

Plaintiff also filed two requests for judicial notice. Plaintiff's first request for judicial notice, [Doc. No. 41], requests judicial notice of (1) Defendants' recall notice, dated January 17, 2012, relating to all MAPP gas cylinders produced through January 15, 2012; (2) Judgment Bernzomatic obtained against Worthington Industries; (3) Report in the Columbus Business First, dated July 5, 2011, disclosing Worthington Cylinder's purchase of Bernzomatic for $51 million. Defendants oppose Plaintiff's request for judicial notice, arguing Plaintiff's theories with regard to the documents he presents to the court are irrelevant. Defendants argue that Plaintiff's "theories on the import of the recall have no relevance to whether the SAC has properly alleged causes of action for fraud and violations of the Unfair Competition Law." (Doc. No. 42, p. 2:11-13 ). The court finds that the documents set forth in the Plaintiff's first request for judicial notice are irrelevant to the causes of actions for fraud set forth in the SAC, and such, the Plaintiff's first request for judicial notice is DENIED.

The Plaintiff's second request, [Doc. No. 45], seeks judicial notice of the Complaint of *Jody Braud v. Irwin Industrial Tool, et al.*, appearing on pacer as removed to the District Court in Batton Rouge, Louisiana 1/25/12. The Plaintiff requests judicial Notice as to the alleged defect of the subject MAPP/MAP-Pro cylinders, and in particular, in relation to the pending motion for leave to file a supplemental complaint regarding the January 17, 2012 recall of the subject cylinders. The Plaintiff's request for judicial notice is DENIED as it is wholly irrelevant to Plaintiff's claims before this court in the SAC and attempts to introduce evidence and argument regarding claims previously adjudicated and dismissed with prejudice.

///

///

## II.     Defendants' Motion to Dismiss

Plaintiff alleges three causes of action in his SAC against Defendants: (1) Fraud; (2) Injunctive Relief; and (3) Unfair Business Practices and Fraud. Defendants move to dismiss all claims in the SAC based on the doctrine of res judicata, for a failure to state facts sufficient to support the claims, and because the statute of limitation has elapsed.

### A.     Defendants' Res Judicata Arguments

This Court has already ruled that Mr. Shalaby cannot state a claim against Bernzomatic based upon the personal injuries he sustained on April 21, 2006 or the resulting judgment against him. Order, p. 9:15-16; 12:3-7.[2] The Defendants argue that many of the Plaintiff's damages claims and arguments regarding alleged defects in the fracture groove set forth in the SAC are barred by res judicata.

#### 1.     Plaintiff's Damages

In the SAC, the Plaintiff's damages claims include approximately $137,000 expended on experts retained by Plaintiff in the course of the Prior Federal Action. Plaintiff also seeks damages for the torches and cylinders he purchased during the five years preceding the filing of this lawsuit, actual damages for personal injuries suffered by Plaintiff, punitive damages, and such other and further relief as the Court deems proper. [SAC ¶40]. The Defendants argue that the damages for personal injuries and costs associated with the Prior Federal Action sought by the Plaintiff are barred by res judicata.

Whether Plaintiff suffered personal injuries due to a defective torch is an issue previously adjudicated by a judgment on the merits and is barred by res judicata. "The Court granted summary judgment . . . when it found 'Plaintiff failed to provide the Court with any admissible evidence to create a triable issue of material fact regarding whether the torch was defective.'" (Order Granting Def.'s Mot. For Summ. J., Case No. 07cv2107, Doc. No. 209, p. 24); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 868 (9th Circ. 2005); *Columbus Line Inc. v. Gray Line Sight-Seeing Co. Assoc. Inc.*,

---

[2] This Court ruled that the Plaintiff "cannot show standing to bring these claims and any attempt to litigate on the injury that initiated the Prior Federal Action is barred by res judicata." *See* Doc. No. 23, p. 12:5-7.

120 Cal. App. 3d 622, 629 (Cal. Ct. App. 1981) ("The summary judgment on the complaint is a judgment on the merits and it has become final") (citations omitted). Here, Plaintiff is not alleging any new personal injuries. Instead, Plaintiff's allegations stem from the same "fraudulent acts" from which the Prior Federal Action arose.[3]

### *2. Plaintiff's Allegations Regarding Defects*

Plaintiff also alleges that on October 8, 2011, he discovered several misrepresentations made by Defendants, on which he and his experts relied during the course of the Prior Federal Action, that caused Plaintiff to suffer an expenditure of approximately $137,000. Plaintiff contends these costs were "intended to determine whether or not the subject torches and cylinders were as safe and fit for use as represented by [Defendants]. . . ." [SAC ¶40]. Plaintiff alleges Defendants' torches did not contain a fracture groove as advertised, which constitutes a safety hazard. Plaintiff contends these claims are not barred by res judicata because "[t]his Court was never presented with a fraud claim arising from [Defendants] misrepresentations. . . ."

However, these allegations attempt to re-litigate whether the torches are defective. Plaintiff litigated the issue regarding the defectiveness of the torches for three years. Case No. 07cv2107 MMA (BLM). Due to the extensive litigation engaged in by Plaintiff, which included experts opinions on the defectiveness of the torches, and Plaintiff's use of the torch over the last 5 years, Plaintiff should have previously discovered that the torch did not include a fracture groove, which should be visible on the product itself. It is irrelevant whether the Plaintiff claims that he suddenly discovered a new defect. The judgment in a Prior Federal Action precludes another action based on the same facts and asserted injury even though the subsequent action asserts a different theory to justify recovery.[4] As such, the Plaintiff's

---

[3] In his FAC, Plaintiff attempted to bring a fraud claim as an independent action based on information he allegedly received on May 19, 2010. Based on these new allegations, defendant brought a Rule 60 motion to set aside the judgment in the Previous Federal Action. Defendants filed a motion to dismiss due to untimely filing of rule 60 motion. The Court granted Defendants Motion to dismiss with prejudice. Here, Plaintiff re-alleges facts stemming from the May 19, 2010 incident, which have already been dismissed by the Court. As these allegations have already been addressed in a previous order, it will not be addressed here. (*See generally* Doc. No. 23, p. 7-9).

[4] *Nevada v. United States*, 463 U.S. 110, 129-130 (1983) ("The final judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties on any grounds whatsoever."); *International Union of Operating Engineers v. Karr*, 994 F.2d 1426, 1430-31 (9th Cir. 1993); *Natural Res. Def. Council v. EPA*, 513 F.3d 257, 261 (DC Cir. 2008)(claim preclusion bars relitigation of claim including any arguments and theories that should have been raised earlier in suit on

"new" theory remains barred by res judicata. The Plaintiff's repeated subsequent attempts to litigate defects in the fracture groove have been soundly rejected by this Court in the Prior Federal Action.[5] The Court will not address these allegations further, as they could have been raised in the prior action, and an attempt to re-litigate these issues are barred by the doctrine of res judicata.[6]

### B.     Defendants' Rule 12(b)(6) Arguments

The Defendants' argue that the Plaintiff's SAC still does not provide a sufficient factual basis for his claims for fraud or injunctive relief as the Plaintiff has not alleged that Defendants intended to commit fraud, that there was justifiable reliance on the fraud, that there was resulting damage besides an adverse judgment, or who specifically committed the fraud. Defendants also move to dismiss the SAC on the grounds that it fails to satisfy the particularity requirements of Rule 9(b).

#### 1.     Plaintiff's Fraud Claim

The elements for general theory of fraud are: (1) a misrepresentation; (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) reasonable justifiable reliance; and (5) resulting damage. *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191 (2011).  Also, it is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law fraud causes of action. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1102, (9th Cir. 2003). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstance of the fraud must be stated with particularity is a federally imposed rule. *Id.* (quoting *Hayduck v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985)).

In order to plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice. *Shroyer v. New Cingular*

---

claim).

[5] *See* Motion to File [Proposed] Second Amended Complaint [07cv2107, Doc. No. 98], ("Two additional product defects have been identified and pleaded: a defective design of the torch's fracture groove, and the torch's 'trigger-loc' mechanism."); Order Denying Plaintiff's Motion for Leave to File A Second Amended Complaint in Prior Federal Action, [07cv2107, Doc. No. 204]; *See also* Order Denying Plaintiff's Motions in Prior Federal Action [07cv2107, Doc. No. 131].

[6] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res Judicata . . . prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action.") (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)); *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 ("Res judicata prevents relitigation of the same cause of action in a second suit between the same parties . . . .").

*Wireless Services, Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (quoting *Moore v. Kayport Package Express*, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded. *Id*.

### a. *Misrepresentation, Knowledge of Falsity and Intent to Induce Reliance*

In Defendants' motion to dismiss Plaintiff's FAC, the Court noted Defendants' concern that Plaintiff's allegations were based solely on unsubstantiated hearsay. The Court, however, gave Plaintiff leave to amend so as to cure these deficiencies. The Court stated, "Plaintiff must do more than just claim that alleged documents, memorandum, and tests exist and must provide more than declarations based entirely on hearsay. (Doc. No. 23, p.10:2-6); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Copper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In an attempt to cure the deficiencies cited by the Court, Mr. Shalaby now claims that he relied on twelve different representations by Bernzomatic "by way of its 'Material Safety Data Sheet' and disclosures communicated through the U.S. Department of Labor Occupational Safety and Health Administrations." SAC, ¶15. Plaintiff states that: "misrepresentations were perpetrated by Bernzomatic upon Plaintiff, upon the entirety of its consumers, and upon [OSHA] . . . The disclosures, concealment, misrepresentations, and other fraudulent acts were largely communicated widely through the product packaging, the internet, Bernzomatic disclosure documents posted on the internet and filed with OSHA, and as otherwise identified throughout the entirety of the SAC." Opp., Doc. No. 37, p. 4:3-6; 9:13-17.

The Plaintiff also alleges he "*has found and presently holds* a written disclosure from [Defendants] present operations manager, explaining that if in fact the TS4000 torches that no longer have the fracture groove feature do fail at a measure of force greater than the fracture groove design, they are inconsistent with [Defendants] own manufacturing specifications, hence they are defective." (emphasis added) (SAC p. 11-12: 26-3). Plaintiff further alleges Defendants knew of and possessed information about the falsity of its assertions regarding its products. Plaintiff alleges Defendants' former operations managers, John Nelson and David Thomas, informed him that Defendants were aware of problems with the torches during the early 1980's and up until 2006. Although Plaintiff's SAC provides more information than his FAC, his allegations are once again based entirely on hearsay. Plaintiff again fails to provide any specific information as to when these statements were made by

Defendants' present and former operations managers, which torches would be affected or the relevant time period.

Although Plaintiff provides some additional facts in the SAC, these facts are predominately hearsay statements which do not specifically state when Defendants knew of the products failures, how they knew, and what they knew. Plaintiff merely states "[Defendant] was on notice of the falsity of assertions and of the suppressed material facts by virtue of complaints made to [Defendants] in the 1980's." [SAC ] The Plaintiff claims that Defendants made the above referenced misrepresentations "throughout the internet," and through the US Department of Labor and "in a variety of public disseminations at all times relevant herein." SAC, ¶16-17. The only specific source of a misrepresentation actually identified by the Plaintiff is the Bernzomatic MSDS for MAPP Gas, and as Defendants' aptly point out, the MSDS does not contain any of the misrepresentations alleged.

The Plaintiff has not provided any information whatsoever that would permit Defendants to investigate and defend itself against the allegations of the Second Amended Complaint. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") Based upon the foregoing, the Court finds that the Plaintiff has failed to plead sufficient facts with particularity to satisfy the misrepresentation, knowledge of falsity (scienter), and intent to induce reliance elements for a general theory of fraud. Plaintiff's allegations are not accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

### b. *Reasonable Justifiable Reliance*

Defendants argue Plaintiff failed to allege reasonable reliance on the alleged misrepresentations, as required in fraud cases. *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191 (2011). In its motion to dismiss, Defendants argue that Plaintiff's allegations of reliance must be reasonable and plausible. *United Guar. Mortg. Indem. Co. v. Countrywide Financial Corp.* (CD Cal. 2009) 660 F. Supp. 2d 1163, 1189 ("Assuming that the reliance allegations are particular enough to survive Rule 9(b), the controlling federal pleading standard requires reliance allegations to be facially plausible.")

*American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010); *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009).

Plaintiff claims his reliance was reasonable and justifiable as he "had no reason to disbelieve Defendants' representations" that the torches he purchased throughout the past fiver years were safe. (SAC. ¶34). However, the Court agrees with Defendants' argument, as "it is simply not possible for [Plaintiff] to have reasonably relied upon alleged statements by [Defendants] . . . and that such reliance resulted in [actual damages] . . . while [Plaintiff] was: (1) actively and aggressively litigating a lawsuit against [Defendants] . . ., and (2) actively spearheading a public campaign claiming that the products are defective." [Mem. of P. & A. in Supp. of Mot. to Dismiss, p. 6: 17-21]. Although the case law cited by Defendants is not binding, this Court is persuaded by Defendants' well reasoned analysis and finds Plaintiff failed to allege he reasonably relied on Defendants' alleged misrepresentations.

### c.     *Resulting Damage*

Under California law, "[i]t is axiomatic that to obtain a recovery for fraud, a claimant must prove, inter alia, that damages were sustained as a proximate cause of the fraudulent conduct." *B. Braun Medical, Inc. v. Rogers*, 163 F. App'x 500, 507 (9th Cir. 2006) (quoting *Kruse v. Bank of America*, 202 Cal. App.3d 38, 60 248  (Cal. Ct. App. 1988). Plaintiff alleges he suffered losses due to the defective nature of Defendants' cylinders and torches.  Plaintiff prays to be reimbursed for the purchase price of the cylinders and torches he purchased during the past 5 years.  To retain a recovery for fraud, however, Plaintiff must show Defendants' fraudulent representations proximately caused the alleged damages, which he has not done here.  Nevertheless, Plaintiff has failed to meet the other elements required for a general theory of fraud claim.

For the reasons set forth above, the Court finds that the Plaintiff has not alleged facts sufficient to support any of the elements for his general theory of fraud cause of action and has failed to satisfy Rule 9(b)'s particularity requirements. Because the Court finds that further leave to amend would be

futile, the Court hereby GRANTS the Defendants' motion and dismisses Plaintiff's fraud claim with prejudice.[7] ///

///

///

### 2. Plaintiff's Claim for Injunctive Relief under California Business & Professions Code § 17200

Plaintiff asks this Court to grant injunctive relief mandating Defendants publically disclose the "dangers of the MAPP gas cylinders and torches," recall the cylinders and torches, and provide instructions as to safe use of said products. [SAC ¶ 58].

The California Unfair Competition Law ("UCL") prohibits unlawful, unfair, or fraudulent business act[s] or practice[s] and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To state a claim under the UCL, a plaintiff must plead: (1) that the defendant engaged in one of the practices prohibited by the statute and (2) plaintiff suffered actual injury in fact as a result of defendant's actions. *Rolling v. E*Trade Securities, LLC.*, 756 F. Supp. 2d 1179, 1192 (N.D. Cal. 2010). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, Plaintiff alleges Defendants engaged in one of the practices prohibited by statute when it knowingly made false representations about the safety of its product and purposely failed to disclose to users its products' hazardous features. However, for Plaintiff to state a claim under the California Unfair Competition Law ("UCL"), he must show he suffered actual injury in fact as a result of Defendants' actions. *Rolling v. E*Trade Securities, LLC.*, 756 F. Supp. 2d 1179, 1192 (N.D. Cal. 2010). As Plaintiff has not asserted any new type of actual injury besides that which he claimed in his Prior Federal Action,

the "harm" he suffered is the same according to California Law and is subsequently barred by res judicata. (Doc. No. 23, p. 11:25-26).

---

[7] *Schreiber Distrib. Co .v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.1962); *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191 (2011); *Vess v. Ciba-Geigy Corp., 317 F.3d 1097*, 1106 (9th Cir. 2003).

Moreover, Plaintiff's claim fails because he has not alleged facts sufficient to support that he is likely to suffer irreparable harm or that the injunction is in the public interest. Plaintiff seeks injunctive relief to "enjoin the conduct of the Defendants that cause unreasonable risk of injury or death to the general public consisting of any and all purchases and users of the subject torches and cylinders." [SAC ¶ 42]. The users and purchasers identified by Plaintiff, however, have previously or are currently pursuing their own legal rights against Defendants. Consequently, Plaintiff has no standing to bring this claim on their behalf.[8] Fed. R. Civ. P. 17.

Furthermore, Plaintiff alleges he and his workers will suffer irreparable harm because Defendants remain the sole manufacturer of the gas cylinders, which they continue to use at great risk to serious injury. [SAC ¶ 56]. The irreparable harm requirement "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 96 (1983). Here, Plaintiff has not alleged facts that he is in any real or immediate threat. His only injury, as a result of his use of the torch, occurred in 2005. Plaintiff admits that he has continued to use Defendants' product since that time and has alleged no new injuries. Therefore, Plaintiff has not plead facts sufficient to state a claim because he has not shown he will suffer irreparable harm if he is not granted an injunction.

Also, Plaintiff's UCL claim fails because it is tied to his general theory of a fraud claim. *Krantz v. BT Visual Images,* 89 Cal. App. 4th 164, 178 (2001) (claims under the unfair competition law "stand or fall depending on the fate of the antecedent substantive causes of action."); *Mehta v. Wells Fargo Bank, N.A.* (SD Cal. 2010) 737 F. Supp. 2d 1185, 1206 ("Plaintiff's ninth cause of action is for violations of California Business and Professions Code section 17200. Since all of Plaintiff's other claims have been dismissed, this claim is also DISMISSED[.]"); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th

---

[8] The Court previously noted "Plaintiff's claims consist of mere allegations and conclusions without factual support. For example, who are the other users of the subject torch that have suffered, how did he receive this information, were they injured in the same manner as Plaintiff from the same defects, did they misuse the product in any way, and so forth."(Order Granting Defs. ['] Mot. to Dismiss, Doc. No. 23, p. 12: 21-26). Although Plaintiff now provides information about the other users, these users "have already, or are in the process of, litigating their own claim against Defendants."(Reply Br. in Supp. of Mot. to Dismiss, Doc. 38, p. 8: 12-15). Therefore, no injunction is necessary to protect these users as they are currently pursuing their own remedies.

Cir. 2001) (dismissing section 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law).

Based upon the foregoing, Defendants' motion to dismiss is GRANTED WITH PREJUDICE as to the Plaintiff's claims for injunctive relief under California Business & Professions Code § 17200.

### *3. Unfair Business Practices & Fraud (Pulling Down Plaintiff's Website)*

The SAC includes what appears to be a third cause of action entitled "Unfair Business Practices & Fraud -- (Pulling Down Plaintiff's Website)." This Court did not grant Plaintiff leave to add any causes of action. In this cause of action, the Plaintiff claims that Defendants' request to the internet hosting company to pull down the Plaintiff's website, http://www.bernzomaticinjuries.com, "was facially an act of fraud" without further explanation. SAC, ¶61. This conclusory statement fails to satisfy the particularity requirements of Rule 9(b). Likewise, the Plaintiff's statement that Defendants' request to the hosting company "was an unfair business practice" without any factual allegations also fails to satisfy Rule 9(b). SAC, ¶61. The Plaintiff acknowledges that his website was restored by the hosting company at his request. SAC, ¶61. The Plaintiff does not provide any factual allegations indicating that the removal of his noncommercial website for a limited amount of time caused him to sustain any damages, which is a necessary element of Plaintiff's fraud and UCL claims.[9]

Furthermore, since the UCL component of this claim "stands and falls" with Plaintiff's claim for fraud and the Plaintiff's fraud action has been dismissed with prejudice, the Plaintiff cannot maintain this UCL claim. *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001); *Mehta v. Wells Fargo Bank, N.A.* (SD Cal. 2010) 737 F. Supp. 2d 1185, 1206; *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001). Therefore, Defendants' motion to dismiss Plaintiff's Unfair Business Practices & Fraud claim is GRANTED WITH PREJUDICE.

### *C. Defendants' Statute of Limitations Arguments*

The Defendants argue that the Plaintiff's fraud and UCL claims are barred by the statute of limitations. The statute of limitations on a fraud cause of action is three years. Cal. Code Civ. Proc., § 338(d). The limitations period begins to run when the aggrieved party discovers "the facts constituting the fraud." *Broberg v. Guardian Life Ins. Co. of America*, 171 Cal. App. 4th 912 (2009). The statute of

---

[9] *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191 (2011); *Wallace v. GEICO General Ins. Co.,* 183 Cal. App. 4th 1390, 1400-1401 (2010).

1  limitations on a UCL claim is four years. *Kraus v. Trinity Management Services*, 23 Cal. 4th 116, 138
2  (2000).
3       In the SAC, Plaintiff alleges that Bernzomatic made representations" at all times relevant herein,
4  including on or about November 10, 2005 and June 11, 2011." SAC, ¶16. Assuming that the November
5  10, 2005 representation caused the Plaintiff to purchase a torch and cylinder, he would have been aware
6  of what he claims is a defect in the products on the date of his accident, April 21, 2006, which is five
7  years prior to the filing of the original Complaint in this matter on January 12, 2011. As such, the
8  Defendants argue that the statute of limitations has run as to the unspecific misrepresentation that he
9  claims occurred on November 10, 2005.
10      The Plaintiff argues that the three year statute of limitations on his fraud claim and four year
11 state of limitation on his § 17200 claim began to run on May 19, 2010 when Mr. David Thomas
12 allegedly told Plaintiff that Bernzomatic had made misrepresentations regarding the melting temperature
13 of the braze during discovery in the Prior Federal Action. Doc. No. 37, p.17:14-22. Defendants argue
14 that this assertion mischaracterizes the fraud claims asserted in the SAC. Plaintiff's fraud claim asserts
15 that beginning on November 10, 2005, Bernzomatic misrepresented that the hand-held torches were
16 safe. SAC, ¶16. Assuming that the November 10, 2005 representation caused Mr. Shalaby to purchase a
17 torch and cylinder, he would have been aware of what he claims is a defect in the products on the date of
18 his accident on April 21, 2006, which is five years prior to the filing of the original Complaint in this
19 matter on January 12, 2011.
20      Plaintiff contention that he relied on Bernzomatic's misrepresentation on June 11, 2011 is not
21 plausible given that the FAC filed on January 13, 2011, in which Plaintiff alleges that he continued to
22 purchase Bernzomatic hand-held torches and cylinders. FAC, ¶¶ 32-35 ("Plaintiff has been a purchaser
23 and user of the Bernzomatic-brand subject cylinders and torches for more than two decades, and is a
24 present-day purchaser and user of the subject torches.") Thus, even if Bernzomatic had made a
25 misrepresentation to Mr. Shalaby on June 11, 2011, such representation obviously did not cause him to
26 purchase a torch and cylinder (as he claims he was already purchasing them).
27      Based upon the foregoing, the Court finds that the statute of limitations has run on both
28 Plaintiff's fraud and § 17200 claims, which further supports the dismissal of the SAC with prejudice
   because further amendment would be futile.

*__Conclusion__*

For the reasons set forth above, the Defendants' motion to dismiss the SAC, [Doc. No. 36], is GRANTED as follows:

1. Plaintiff's General Theory of Fraud claim is DISMISSED WITH PREJUDICE.
2. Plaintiff's Injunctive Relief claim is DISMISSED WITH PREJUDICE.
3. Plaintiff's Unfair Business Practices & Fraud claim is DISMISSED WITH PREJUDICE.

///

The Plaintiff's ex parte application for leave to file a supplemental complaint, [Doc. No. 43] is DENIED, as the Plaintiff's proposed amendments are both irrelevant and futile. The Clerk is directed to enter judgment for Defendants and close the case.

IT IS SO ORDERED.

DATED:  March 9, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge