UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew W. Shalaby,<br><br>                           Plaintiff,<br><br>v.<br><br>Bernzomatic, et al.,<br><br>                          Defendants. | Case No.: 3:11-cv-0068-AJB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR CONTEMPT AND SANCTIONS (Doc. No. 119)** |

      Defendants Bernzomatic, et al. move the Court to find Plaintiff Andrew Shalaby in contempt of the Court's pre-filing order and to award Defendants sanctions. (Doc. No. 119.) In the Court's pre-filing order, the Court stated, "Andrew Shalaby must seek and obtain leave of this Court, prior to filing any new actions, against any defendant, in any forum, based upon, or related in any way, to injuries he sustained as a result of the accident on April 21, 2006." (Doc. No. 66 at 8.)

      Defendants note, however, that Shalaby attempted to have his case added as a related case in an MDL in the Central District of California. (Doc. No. 119-1 at 3.) Shalaby was also seeking to have other cases he represents consolidated into the MDL. (*Id.*) Defendants argue his "attempted disclosure of *Shalaby v. Bernzomatic* as a potential tag-along action to the MDL is a new action that is based upon, or at least, related to the injuries Shalaby sustained as a result of the accident he suffered on April 21, 2006. (*Id.* at 5.)

Shalaby responds in an unsurprising fashion by alleging Defendants' motion "constitutes the crime of witness-tampering. . . ." (Doc. No. 127 at 2.) Shalaby insists Defendants' filing of the motion warrants sanctions for *him* and, of course, "termination of the prefiling order for Defendants' abuse of the order and witness-tampering." (*Id.*)

In reviewing Shalaby's response, the only substantive response he makes argues he was unable to seek leave of Court to file new actions as the Court directed the Court Clerk to reject any additional filings. However, the Court still receives any document Shalaby seeks to file with it—but rather than automatically filing any document Shalaby seeks to file, the Court Clerk rather discrepancies it (which prevents its publication on the docket) and allows the District Judge to decide whether it stays off the docket or gets filed. Thus, Shalaby's argument he was prevented from seeking permission regarding new actions is incorrect, although the Court acknowledges Shalaby might not have known that. However, the Court notes Shalaby made no attempt to seek permission to file any new cases, an odd concession when Shalaby sought more than several reconsideration motions of his pre-filing order and sought leave to oppose the instant motion.

Which, predictably, Shalaby once against requests the Court terminate the pre-filing order. He also asks the Court, once again, to issue a protective order preventing Defendants from referring to the order in other actions. (Doc. No. 127 at 7.) However, the Court has already addressed these arguments and declines to re-visit them now.

As to Shalaby's assertion Defendants' motion constitutes witness tampering, (Doc. No. 127 at 7–8), the Court notes 18 U.S.C. § 1532(b) does not exist, but that 18 U.S.C. § 1512 is a criminal statute and as such, the Court has no civil authority to enforce it. The same applies for Cal. Penal Code § 136.1. Accordingly, the Court declines Shalaby's request to find Defendants have witness-tampered.

Most notably however is Shalaby's failure to respond to the core charge in Defendants' motion. Shalaby failed to show that he sought this Court's leave to file his case as a related case in another court's MDL. Accordingly, the Court agrees with Defendants that he is in contempt of the pre-filing order. *See Sephary-Fard v. Select*

2

3:11-cv-0068-AJB

*Portfolio Servicing, Inc.*, NO. 14-cv-05142-LHK, 2016 WL 4436312, at *1 (N.D. Cal. Aug. 23, 2016) (granting motion for contempt against plaintiff who violated court's prior vexatious litigant order).

The Court finds that sanctions at this time is appropriate. Shalaby acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Matsumaru v. Sato*, 521 F. Supp. 1013, 1016 (D. Az. 2007) (finding a court may impose sanctions for these reasons). Courts have the inherent power to sanction parties that willfully disobey a court order. *See Broemer v. U.S.*, No. CV 01-04340 MMM (RZx), 2002 WL 3644940, at *1 (C.D. Cal. Jan. 9, 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Accordingly, the Court **GRANTS** Defendants' request for monetary sanctions against Shalaby for reasonable attorney's fees and costs expended for bring this motion and defending against Shalaby's attempt to enter his case into the proposed MDL in the Central District. Defendants must file its motion for attorney's fees and costs by **August 30, 2019**. Shalaby may oppose the motion by **September 13, 2019**. Defendants' reply is due by **September 20, 2019**. A hearing date will be set by the Court as it sees fit.

**IT IS SO ORDERED.**

Dated: August 15, 2019

Hon. Anthony J. Battaglia
United States District Judge