UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W. SHALABY,<br><br>Plaintiff,<br><br>v.<br><br>BERNZOMATIC, ET AL.,<br><br>Defendants. | Case No.: 3:11-cv-00068-AJB-DHB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE ANTHONY J. BATTAGLIA (Doc. No. 137);**<br><br>**(2) GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES, WITH THE AMOUNT TO BE DETERMINED PENDING DEFENDANTS' SUPPLEMENTAL BRIEFING (Doc. No. 139); AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS (Doc. No. 140)** |

Presently before the Court are: (1) Plaintiff Andrew W. Shalaby's ("Plaintiff") motion to disqualify Judge Anthony J. Battaglia, (Doc. No. 137); (2) Defendants' motion for attorneys' fees and costs, (Doc. No. 139); and (3) Plaintiff's motion for sanctions, (Doc. No. 140.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion to disqualify Judge Battaglia, **GRANTS** Defendants' motion for attorneys' fees, with the

amount to be determined pending Defendants' supplemental briefing, and **DENIES** Plaintiff's motion for sanctions.

# I. PLAINTIFF'S MOTION TO DISQUALIFY JUDGE ANTHONY J. BATTAGLIA

Plaintiff seeks to disqualify Judge Anthony J. Battaglia based on 28 U.S.C. § 455. Motions under section 455(a) are decided by the judge whose disqualification is sought. *See* 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. § 455(a), a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to § 455(b), a district judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). A district judge has discretion to deny a motion to recuse. *United States v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998). The standard for recusal under § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted).

In this case, Plaintiff's sole basis for asserting that Judge Battaglia should recuse is Plaintiff's own disagreement with the Court's prior rulings. Specifically, Plaintiff argues Judge Battaglia: (1) ignored Plaintiff's affidavit seeking to disqualify and issued an order granting Defendant Bernzomatic's motion for sanctions, (2) allowed filings by Defendant Bernzomatic, and (3) failed to acknowledge that the prefiling order was nullified by other documents. (Doc. No. 137 at 8–11.)

However, the United States Supreme Court has explicitly held that judicial rulings and the opinions formed by judges on the basis of facts introduced in the course of proceedings "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) ("[Section] 455 is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or

2

3:11-cv-00068-AJB-DHB

statements made by the judge during the course of the [case.]"). "Put differently, the judge's conduct," including "the mere fact that a judge has previously expressed an opinion on a point of law," or has issued adverse "prior rulings in the proceeding," does not "except in the rarest of circumstances" form the sole basis for recusal under § 455(a)." *Holland*, 519 F.3d at 914 (citations omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1159–60 (9th Cir. 1999).

Here, Plaintiff has made no showing of "rare circumstances" of any sort. *Liteky*, 510 U.S. at 555. Indeed, Plaintiff has only put forth adverse rulings as the grounds for Plaintiff's motion to disqualify. Completely absent from Plaintiff's motion is any extrajudicial source of bias to justify disqualification. As such, Plaintiff has simply failed to show that "a reasonable person with knowledge of all the facts would conclude that [Judge Battaglia's] impartiality might reasonably be questioned." *Mayes*, 729 F.2d at 607.

Therefore, Plaintiff's motion to disqualify Judge Battaglia is **DENIED**.

## II. DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants move for attorneys' fees and costs pursuant to the Court's order dated August 15, 2019. (Doc. No. 131.) In the Court's order, (Doc. No. 131), the Court granted Defendants' request for monetary sanctions against Plaintiff for reasonable attorney's fees and costs expended for (1) bringing Defendants' motion for contempt and sanctions, and (2) defending against Plaintiff's attempt to enter his case into the proposed MDL in the Central District of California. (*Id.* at 3.) The Court instructed Defendants to file a motion for attorneys' fees and cost. (Doc. No. 131 at 3.) Defendants did so, and now move the Court for the award of attorneys fees' in the amount of $28,668.41, payable to the "Holland & Knight LLP Client Trust Account." (Doc. No. 139 at 2.)

Plaintiff opposes the motion for attorneys' fees, arguing that this Court lacked jurisdiction to issue the order on Defendants' motion for contempt and sanctions because Plaintiff filed an affidavit of disqualification pursuant to 28 U.S.C. § 144. (Doc. No. 141 at 10.) Plaintiff's contention is the filing of the affidavit on August 4, 2019 deprived this Court of jurisdiction to issue an order on Defendants' motion for contempt and sanctions

on August 15, 2019. (Doc. No. 141 at 10.) Specifically, Plaintiff contends section 144 provides that after a party files a "timely and sufficient affidavit" regarding the personal bias or prejudice of the presiding judge, "such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. However, the Ninth Circuit has held that "[o]nly after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (internal citations omitted). Plaintiff's affidavit was first stricken from the docket on August 15, 2019 for violation of local and chamber rules. (Doc. No. 134 at 1.) Plaintiff then filed a motion to disqualify pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144 on August 26, 2019. (Doc. No. 137.) On September 7, 2019, Plaintiff withdrew his motion to disqualify based only on 28 U.S.C. § 144. (Doc. No. 145.) Therefore, the Court did not determine the legal sufficiency of the affidavit, and thus was not deprived of jurisdiction to issue its order.

Plaintiff additionally points out that Defendants' motion for attorneys' fee does not include any fee statements. (Doc. No. 141 at 16.) Defendants state that legal billing records are privileged because they communicate information for the purpose of legal representation and Plaintiff is not entitled to them. (Doc. No. 146 at 3.) The Court agrees with Plaintiff that itemized fee statements should be provided. To calculate an award of attorneys' fees, courts employ the lodestar method set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), in which courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. "The party seeking the award should provide documentary evidence to the court concerning the number of hours spent, and how it determined the hourly rate(s) requested." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). Here, Defendants submitted a motion and declaration with only the amount to be reimbursed and nothing more. Without any itemized fee statements or a declaration as to the amount of hours billed and hourly rates, the Court is left without any documentary evidence to determine the reasonableness of the amount Defendants seek in attorneys' fees. To alleviate Defendants' concerns regarding privileged information, Defendants may

submit redacted fee statements and redact any privileged or confidential information contained therein. *Davis v. Los Angeles W. Travelodge*, No. CV08-08279 CBM(CTX), 2009 WL 5227897, at *1 (C.D. Cal. Dec. 21, 2009) ("Although Defendant may redact confidential information contained in such invoices, Defendant must provide some evidence to corroborate the number of hours specified in Defendant's Motion.").

Accordingly, the Court **GRANTS** Defendants' motion for attorneys' fees, with the amount awarded to be decided pending Defendants' supplemental briefing. Defendants may have until **February 17, 2020** to submit supplemental briefing detailing the reasonableness of Defendants' attorneys' fees, and include itemized fee statements, with privileged and confidential information redacted. Plaintiff may file a response in opposition, not exceeding **15 pages** in length, by **March 2, 2020**. Defendants may file a reply in support of the supplemental briefing, not to exceed **10 pages** in length, by **March 9, 2020**.

### III. PLAINTIFF'S MOTION FOR SANCTIONS AGAINST SHELLEY G. HURWITZ, HOLLAND & KNIGHT LLP, AND NEWELL OPERATING COMPANY, INC.

Plaintiff additionally moves for Rule 11 sanctions based on Defendant's filing of its motion for contempt and sanctions for Plaintiff's violation of the Court's June 27, 2012 prefiling order ("Contempt Motion"). (Doc. No. 119.) Plaintiff seeks as sanctions, termination of the June 27, 2012 prefiling order based on various grounds, which the Court will address below. (Doc. No. 140-1.)

Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). Under the plain language of Rule 11, when one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated. *Id.* at 1389. If the Court determines that Rule 11(b) has been violated, the Court "may impose an appropriate

sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Plaintiff urges the Court to impose sanctions based on Defendant's Contempt Motion. However, the Contempt Motion was fully briefed by both parties, and was subsequently granted by the Court. (Doc. No. 131.) There is no evidence that the Contempt Motion was "frivolous, legally unreasonable, without factual foundation, or [] otherwise brought for an improper purpose." *Warren*, 29 F.3d at 1388. To the contrary, the Court held that the Contempt Motion was with merit and found Plaintiff in contempt of the Court's prefiling order when Plaintiff failed to show he sought this Court's leave to file his case as a related case in another court's MDL. (Doc. No. 131 at 1.)

Plaintiff also argues sanctions are warranted because Defendant's Contempt Motion violated California anti-SLAPP laws. (Doc. No. 140-1 at 4.) The Court notes that Plaintiff had the opportunity to raise his anti-SLAPP argument in his opposition to the Contempt Motion. (Doc. No. 127.) But Plaintiff elected not to do so. In any event, the Court disagrees with Plaintiff's position. As Plaintiff points out, California's anti-SLAPP statute provides "a procedure for expeditiously resolving 'nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue.'" *Hansen v. California Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1542–43 (2008). As explained above, the Court reviewed Defendant's Contempt Motion, and Plaintiff's briefing in opposition, and determined that the Defendant's position was not lacking in merit. Additionally, Defendant's Contempt Motion cannot reasonably be construed as an attempt to retaliate against Plaintiff for exercising his right to free speech. Rather, Defendant's Motion was brought in response to Plaintiff's clear violation of the Court's prefiling order, which did not limit Plaintiff's right to petition courts for redress, but simply ordered Plaintiff to obtain leave of Court before filing specific actions.

Plaintiff also provides other grounds for the imposition of sanctions, none of which warrant the award of sanctions. For example, Plaintiffs allege Defendants misrepresented the letter on an exhibit attached to the Contempt Motion as Exhibit C when it was in fact

6

Exhibit B. (Doc. No. 140-1 at 9.) There is no basis from which the Court can conclude that Defendant's use of "Exhibit C" instead of "Exhibit B" was intended to mislead the Court or otherwise achieve some improper purpose. "Rule 11 is intended to deter baseless filings in district court and imposes a duty of reasonable inquiry so that anything filed with the court is well grounded in fact, legally tenable, and not interposed for any improper purpose." *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (internal quotation marks omitted). As Plaintiff still does not deny he failed to seek leave to file his case in another court's MDL, Defendant's filing of its Contempt Motion was clearly not baseless or for an improper purpose.

Based on the foregoing, the Court **DENIES** Plaintiff's motion for sanctions.

### A. Request for Judicial Notice and Request for Hearing

In his reply, Plaintiff also asks the Court to take judicial notice of a sentence from Defendants' brief in support of their motion for attorneys' fees. (Doc. No. 147 at 1.) The portion of the brief reads, "Newell's legal billing records are privileged because they communicate information for the purpose of legal representation and Shalaby is not entitled to them." (Doc. No. 146 at 2.) Regardless of whether a request for judicial notice is appropriate, the Court has considered the filings on its own docket. In considering the parties' briefing and arguments, the Court finds that the sentence has no bearing on the Court's conclusion that sanctions are unwarranted. Accordingly, the Court **DENIES AS MOOT** Plaintiff's request for judicial notice.

In addition, the Court finds that these matters are suitable for determination without a hearing pursuant to Local Rule 7.1.d.1 and **DENIES** Plaintiff's request for a hearing.

* * *

## IV. CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Plaintiff's motion to disqualify Judge Anthony J. Battaglia is **DENIED**.
2. Defendant's motion for attorneys' fees is **GRANTED**, with the amount to be determined pending Defendant's supplemental briefing.

7

- Defendants may have until **February 17, 2020** to submit supplemental briefing detailing the reasonableness of Defendants' attorneys' fees, and include itemized fee statements.
- Plaintiff may file a response in opposition, not exceeding **15 pages** in length, by **March 2, 2020**.
- Defendants may file a reply in support of the supplemental briefing, not to exceed **10 pages** in length, by **March 9, 2020**.

3. Plaintiff's motion for sanctions against Shelley G. Hurwitz, Holland & Knight LLP, and Newell Operating Company, Inc. is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 3, 2020

*/s/ Battaglia*
Hon. Anthony J. Battaglia
United States District Judge