UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANDREW W. SHALABY,

Plaintiff,

v.

BERNZOMATIC, ET AL.,

Defendants.

Case No.:  3:11-cv-00068-AJB-DHB

**ORDER RE DEFENDANTS'
ATTORNEYS' FEES AND COSTS**

On February 3, 2020, the Court granted Defendants' motion for attorneys' fees, with the amount awarded to be determined pending Defendants' supplemental briefing. (Doc. No. 148.) The fee motion was granted as part of Defendants' request for monetary sanctions against Plaintiff for attorneys' fees and costs incurred for: (1) bringing Defendants' motion for contempt and sanctions, and (2) defending against Plaintiff's attempt to enter his case into the proposed MDL in the United States District Court for the Central District of California. (*Id.*) The Court concluded that Defendants' initial fee request was not supported by itemized invoices, and ordered supplemental briefing, directing Defendants to submit itemized bills supporting their request for attorneys' fees and costs. (*Id.*) Pursuant to the Court's order, Defendants filed a declaration requesting attorneys' fees and costs in the amount of $30,579.91, with redacted itemized bills attached. (Doc. No. 149 at 2.) Plaintiff responded in opposition to Defendants' declaration. (Doc. No. 152.) This order follows.

1

## A.     Plaintiff's Objections

As a preliminary matter, the Court notes that the majority of Plaintiff's opposition is an attempt to reargue points already ruled upon by the Court on multiple occasions. As such, the Court need not address those arguments. *See, e.g.*, *Alcarmen v. JPMorgan Chase Bank N.A.*, No. C 16-04408 WHA, 2016 WL 6563350, at *3 (N.D. Cal. Nov. 4, 2016), subsequently aff'd sub nom. *Alcarmen v. JPMorgan Chase & Co.*, 698 F. App'x 473 (9th Cir. 2017) (remarking that a court does not need to address issues already decided on the merits). However, Plaintiff also argues that all fees requested in relation to the Frost Brown Todd law firm should be denied because the law firm is not admitted pro hac vice to practice in this Court. (Doc. No. 152 at 4.) The Court does not agree with Plaintiff for three reasons.

For one, Defendants properly associated with the Frost Brown Todd law firm as national counsel to coordinate and defend against the MDL matter. (Doc. No. 153 at 2.) Second, as this Court has already decided on the merits, attorneys' fees may be recovered for counsels' time spent defending against Plaintiff's attempt to enter his case into the proposed MDL in violation of this Court's prefiling order.[1] (Doc. No. 131 at 3.) Third, to be sure, the Ninth Circuit has held that out-of-state attorneys who provided assistance in a California matter, but did not appear in the California court, are entitled to an award of attorneys' fees because counsel would have certainly been permitted to appear pro hac vice as a matter of course had he or she applied. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822 (9th Cir. 2009).[2]

Plaintiff also objects to the redactions of the billing records. (Doc. No. 152 at 5–6.)

---

[1] The Court's prefiling order directed that "Andrew Shalaby must seek and obtain leave of this Court prior to filing any new actions, against any defendant, in any forum, based upon, or related in any way, to injuries he sustained as a result of the accident on April 21, 2006." (Doc. No. 66 at 8.)

[2] The Court overrules Plaintiff's objections to Frost Brown Todd's billing invoice. (Doc. No. 152 at 5.) Attorney for Defendants, Shelley Hurwitz, properly declared under the penalty of perjury that the billing attached is true and correct. (Doc. No. 149 at 3.)

However, in its previous order, the Court already permitted Defendants to file redacted bills, finding that redactions are appropriate to prevent the disclosure of privileged or confidential information. *See Jensen v. BMW of N. Am., LLC,* No. 18CV103-WQH (NLS), 2019 WL 3306297, at *4 (S.D. Cal. July 23, 2019) (allowing redactions for privileged information contained in records that may convey information for the purpose of legal representation).

### B.   Reasonableness of Defendants' Attorneys' Fees and Costs

The Court will next turn to whether Defendants' request for fees and costs is reasonable. "Reasonableness is the benchmark for sanctions based on attorneys' fees." *Mirch v. Frank*, 266 Fed. App'x 586, 588 (9th Cir. 2008) (citing *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1184–85 (9th Cir. 1986)). In determining reasonable attorneys' fees, courts must follow a two-part "lodestar" approach. *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993). First, the Court calculates the presumptively-reasonable lodestar figure by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. *See Mirch*, 266 Fed. App'x at 588 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Second, the Court considers whether an adjustment to the lodestar figure is merited based on various factors. *See Mirch*, 266 Fed. App'x at 588 (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986)).

First, the Court has reviewed counsels' billing records and finds that the submitted hours of work are mostly reasonable. In particular, Defendants submit annotated versions of the attorneys' billing invoices, showing that the Frost Brown Todd law firm expended approximately 75.5 hours, while Holland & Knight expended approximately 6.9 hours for work on: (1) Defendants' motion for contempt and sanctions, and (2) defending against Plaintiff's attempt to enter his case into the proposed MDL in the Central District of California. (Doc. No. 149, Exhibits A–B.) The total amount of hours spent results in $30,579.91 in attorneys' fees and costs. (*Id.* at 2.) After review, the Court concludes that the submitted hours were mostly reasonably expended on the matters subject to sanctions for Plaintiff's violation of the Court's prefiling order. However, the Court, in its discretion,

3

will reduce counsel's fees by $3,000.00 to ensure reasonable time spent on the work.

As to the hourly rates of the Frost Brown Todd and Holland & Knight attorneys, Defendants provide that the hourly rates at Frost Brown Todd are $380.00 for partners and $265.00 for associates. (Doc. No. 149 at 2.) Furthermore, the Holland & Knight rates are $450.00 for partners. (*Id.*) Based on the Court's legal research, the Court finds that these hourly rates for partners and associates are reasonable for products liability attorneys within the Ninth Circuit. *See, e.g., Sell v. Cabral*, No. EDCV201008JGBSHKX, 2020 WL 3577874, at *5 (C.D. Cal. June 30, 2020) (noting that hourly rates for products liability civil litigators can range between $325.00 to $825.00 an hour).

Lastly, in addition to attorneys' fees, Defendants requests costs in the amount of $1,847.91. (Doc. No. 149 at 2.) These costs relate to travel to the MDL hearing, amounts for lodging/hotels, fees for parking, and PACER fees for court documents. (*Id.* at 15, 18.) Based on these bills, the Court finds that the amount of costs sought by Defendants is reasonable. *See Carl Zeiss Vision Int'l GMBH v. Signet Armorlite, Inc.*, No. 07-CV-0894-DMS (POR), 2010 WL 1687788, at *2 (S.D. Cal. Apr. 26, 2010) (awarding costs for filing fees and travel expenses).

Once the lodestar figure has been calculated, the Court may make adjustments to the lodestar figure. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011) (quotation marks omitted) These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* However, there exists a "strong presumption" that the fee determined by multiplying a reasonable billing rate by the number of hours justifiably expended on a litigation constitutes an appropriate fee award.

*See United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). While Defendants seek attorneys' fees in the amount of $30,579.91, the Court, in its discretion, finds that a reduction of $3,000.00 is appropriate to account for any duplication in efforts between the Frost Brown Todd and Holland & Knight law firms. For example, the Court notes that there are many instances where both firms billed for work related to Defendants' sanctions motion. (*Compare* Doc. No. 148 at 17 (Frost Brown Todd billed to "[d]raft Reply in support of Motion for Sanctions") *with* Doc. No. 148 at 24 (Holland & Knight billed to "[f]inalize and attend to filing of Reply ISO Motion for Sanctions").)

### C.    Conclusion

Based on the foregoing, the Court awards Defendants $22,732.00 in reasonable attorneys' fees, and $1,847.91 in costs.


**IT IS SO ORDERED.**

Dated:  January 12, 2021

Hon. Anthony J. Battaglia
United States District Judge