UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW SHALABY, Plaintiff, v. BERNZOMATIC, et al., Defendants. | Case No.: 3:11-cv-00068-AJB-DHB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COURT'S ORDER**<br><br>**(Doc. No. 167)** |
|---|---|

Andrew Shalaby ("Plaintiff") seeks to file a "motion to amend sanction order, Doc. No. 161, re omitted Rule 11 argument" pursuant to Federal Rule of Civil Procedure 59 ("Rule 59"). The Court will treat this Rule 59 motion as a motion for reconsideration. For the reasons detailed below, the motion is **DENIED**.[1]

**I.   LEGAL STANDARD**

Motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "[T]he major grounds that justify reconsideration involve an intervening change of

---

[1] Although Plaintiff has filed a notice of appeal of the Court's orders before he filed the instant motion, the Ninth Circuit has stated that courts retain jurisdiction to rule on a Rule 59 motion even though an appeal has been previously filed. *See Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988).

1

controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (citing cases). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

## II.     DISCUSSION

### A.     Motion for Reconsideration

Plaintiff has not provided any adequate ground for reconsideration. As the basis for his Rule 59 motion, Plaintiff states, "[t]his Court's January 13, 2021 order inadvertently overlooked Plaintiff's argument that sanctions may not be sought without complying with the safe harbor requirements of Rule 11." (Doc. No. 167 at 3.) Plaintiff's position is yet another attempt to reargue the merits of whether sanctions are appropriate, even though that issue has already been decided by the Court. While Plaintiff believes the Court's January 13, 2021 order failed to address Plaintiff's argument regarding Rule 11's safe harbor provision, the purpose of the January 13, 2021 order was ***exclusively*** to decide the ***amount*** of attorneys' fees to be awarded to Defendant. Indeed, recognizing that Plaintiff's Rule 11 argument had already been previously raised and rejected, the Court remarked in the January 13, 2021 order, "the majority of Plaintiff's opposition is an attempt to reargue points already ruled upon by the Court on multiple occasions." (Doc. No. 161 at 2.) As such, the Court did not need to address Plaintiff's Rule 11 safe harbor argument, which went to the merits of whether sanctions were warranted; the Court only needed to address the ***amount*** of attorneys' fees Defendant could recover.

The separate question of whether sanctions were warranted in the first instance was decided in the Court's August 15, 2019 order granting sanctions, wherein the Court clearly

stated, "[c]ourts have the inherent power to sanction parties that willfully disobey a court order." (Doc. No. 131 at 3 (citing *Broemer v. U.S.*, No. CV 01-04340 MMM (RZx), 2002 WL 3644940, at *1 (C.D. Cal. Jan. 9, 2002)). Pursuant to this inherent power—and with ***no mention of Rule 11***—the Court held on August 15, 2019 that Plaintiff had defied the Court's prefiling order, and granted monetary sanctions in favor of Defendant in the form of reasonable attorneys' fees. (Doc. No. 131 at 3.) The Court then directed Defendant to file a motion for attorneys' fees and costs. (*Id.*) After review of Defendant's motion, the Court determined Defendant failed to provide any details that would allow the Court to assess whether the requested attorneys' fees and costs were reasonable. (Doc. No. 148 at 4–5.) Accordingly, the Court requested supplemental briefing detailing Defendant's fees. (*Id.*) The Court also permitted Plaintiff to respond to the supplemental briefing. (*Id.*) Now, Plaintiff argues that the Court failed to address an argument contained in this response. But the Court squarely stated it was not entertaining arguments already rejected. (Doc. No. 161 at 2.) The Court's grant of a response was not an invitation for Plaintiff to reargue whether sanctions were appropriate under Rule 11, as that issue had already been decided.

In sum, Plaintiff has not established an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" required for reconsideration. See *Hodel*, 882 F.2d at 369 n.5. Plaintiff's motion is hereby **DENIED**.

### B. Request for Reduction of Sanctions

In the alternative, Plaintiff requests a reduction of sanctions in the event the Court denies the motion for reconsideration. (Doc. No. 167 at 5.) Plaintiff states that during the past year, his mother fell permanently ill and Plaintiff "now has to pay for her care and housing. At the same time, the COVID-19 pandemic has taken a toll on Shalaby financially. For this reason, Shalaby is respectfully requesting that the Court reduce the sanction amount to $14,000 and afford me until 2/1/2022 to pay the full amount." (*Id.*) While the Court is sympathetic to these unexpected circumstances, Plaintiff's request is denied because he has not sufficiently established financial hardship. In particular, Plaintiff's

declaration filed in support of this request is wholly unsupported by any financial records or documentary evidence showing expenses incurred as a result of Plaintiff's unanticipated hardship or inability to pay. Should Plaintiff renew this argument in opposition to Defendant's motion for appellate cost bond, Plaintiff must provide documentary proof demonstrating financial hardship. Such financial records may be lodged with the Court for in-camera review.

### III. CONCLUSION

For all the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**, and Plaintiff's request for a reduction of sanctions is **DENIED**. (Doc. No. 167.)

**IT IS SO ORDERED.**

Dated:  January 29, 2021

Hon. Anthony J. Battaglia
United States District Judge