UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew W. Shalaby,<br><br>                    Plaintiff,<br><br>v.<br><br>Bernzomatic, et al.,<br><br>                    Defendants. | Case No.: 11-cv-0068-AJB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO TERMINATE PREFILING ORDER (Doc. No. 207)** |

      Pro se plaintiff Andrew Shalaby, a California-licensed attorney, moves to terminate a prefiling order put in place by this Court in 2012. (Doc. No. 207.) Because Shalaby has not convinced the Court the order should be lifted, the Court **DENIES** his request without prejudice.

      After litigating for over six years against Bernzomatic for injuries Shalaby sustained while using a torch product, the Court granted Bernzomatic's motion for a prefiling order. (Doc. No. 66.) For brevity's sake, the Court will not reiterate the legion of complaints, reconsideration motions, ex parte applications, rehearing petitions, recusal motions, and appellate motions Shalaby has filed. Those filings were meticulously detailed in a Bernzomatic motion, (s*ee* Doc. No. 6 and its accompanying exhibits, Nos. 6-3, 6-6), as well as the prefiling order itself, (Doc. No. 66 at 5–7). Shalaby now argues there is new evidence "which shows that the ends of justice would be best served" by terminating the

prefiling order. (Doc. No. 207 at 2.) He contends the new evidence "only establishes a basis for setting aside the prefiling order, and doing so nunc pro tunc, but not for the filing of a new lawsuit against the parties protected by the prefiling order." (*Id.* at 7.) Moreover, Shalaby asserts there was no actual diversity when his action was filed. (*Id.* at 8.) Newell Operating Company disagrees, stating Shalaby's motion fails to present any new or intervening change in facts or law that would support terminating the prefiling order. (Doc. No. 210 at 5.) Newell fears lifting the prefiling order will open the gate for Shalaby to continue his crusade. (*Id.*)

In this Court's previous order granting leave to file a motion to set aside the prefiling order, Shalaby was

> directed to address how the evidence in the two cases listed in his motion for leave to file affects his prefiling order, if at all, and if so, Plaintiff's intent to either file a new lawsuit or address the dismissed case concerning his 2006 injury claim. Plaintiff must demonstrate how he can legally proceed on the matter given the prior dismissal on the merits, which was sustained on appeal, and is now a final judgment against him.

(Doc. No. 191.) However, Shalaby states the two cases only establish a basis for setting aside the prefiling order, that he does not intend to file a new lawsuit, and that he does not believe he can file a new lawsuit against the Defendants. (Doc. No. 207-1 at 7–8.)

Shalaby seeks relief from his prefiling order under California law. Under California Code of Civil Procedure § 533, a prefiling order is considered an injunction and thus is subject to modification if there is (1) a change in the facts, (2) a change in the law, or (3) to meet the ends of justice. Cal. Code Civ. Proc. § 533; *Luckett v. Panos*, 73 Cal. Rptr. 3d 745, 750 (2008). Shalaby fails to present evidence supporting a modification. Although he states the new evidence "now proves that Shalaby's product defect allegations presented to this Court in the years 2006-2012 were fully meritorious," the Court does not find this persuasive. Indeed, the Court does not find "a change in facts indicating a mending of [Shalaby's] ways or conduct to support a reversal of the original determination. *PBA, LLC v. KPOD, Ltd.*, 112 Cal. App. 4th 965, 976 (2003). Moreover, Shalaby's case is a tale of

chosen fate. He was repeatedly warned that continued filings disregarding the Court's orders would result in a prefiling order. Indeed, the Court initially declined Bernzomantic's prefiling order request, only to grant it seven-months-and-a-handful-of-unsubstantiated-reconsideration-motions later.

It is apparent the prefiling order has not prevented Shalaby from filing complaints on behalf of his clients around the country. In his motion, he discusses cases filed in Illinois and Arizona. (Doc. No. 207-1 at 7.) While the Court sympathizes with Shalaby's undoubted frustration with defendants in those actions using the prefiling order in their motions, Shalaby has not shown any proof of actual prejudice against those clients. (Doc. No. 207-1 at 11.) The prefiling order was purposely narrowly tailored to prevent such a thing; it only precludes Shalaby from filing actions on his own behalf regarding the specific incident which gave rise to his suit against Bernzomatic in the first place. Moreover, the Court is unpersuaded by Shalaby's insinuation that the prefiling order has caused—or is causing—judges in other matters to distrust him. (*See* Doc. No. 207-1 at 12.) Shalaby claims "the perception of any judge with knowledge of the prefiling order would be that Shalaby is not to be trusted," allegedly resulting in revocation of his *pro hac vice* admission on two other cases against Worthington. (*Id.* at 11–13.) However, the Court finds this disingenuous. First, in *Bailey v. Worthington*, No. 16-cv-7548, 2019 WL 410419 (N.D. Ill. Feb. 1, 2019), the court revoked Shalaby's *pro hac vice* admission *not* because of the prefiling order in this case, but because he had misrepresented to the court the content of an order from the Bankruptcy Court for the Northern District of California, among other misrepresented facts and untrue statements. *Id.* at *24.[1] Moreover, the court in *Peralta v. Worthington*, No. CV-17-03195-PHX-JJT, No. 231 (D. Az. Jan. 7, 2020), revoked Shalaby's *pro hac vice* admission for violations of the Standards of Professional Conduct, the court's Local Rules of Practice, and repeated violations of the court's orders.

---

[1] Newell requests judicial notice of five exhibits consisting of orders in two of Shalaby's cases. (Doc. No. 210-1.) Because these documents demonstrate the existence of other court proceedings and are matters of public record, the Court **GRANTS** Newell's request for judicial notice. *See* Fed. R. Evid. 201.

Next, Shalaby asserts the prefiling order "tolls the statute of limitations," but goes on further to admit "there appear to be no authorities directly addressing this aspect." (Doc. No. 207-1 at 9.) Shalaby fails to cite any relevant statute or case law, and the Court finds this argument unavailing.

Lastly, although Shalaby raises the issue of lack of diversity jurisdiction in this matter, stating both Bernzomatic and Worthington Cylinder's principal place of business is Wisconsin. (Doc. No. 207-1 at 9.) Thus, asserts Shalaby, because Bernzomatic filed a cross-complaint against Worthington in *Shalaby v. Irwin Industrial Tool Company*, No. 3:07-cv-2107-MMA-BLM, 2018 WL 500948 (S.D. Cal. Jan. 20, 2018), there is a jurisdictional defect. (*Id.*) The Court disagrees for two reasons. First, the cross-complaint in *Shalaby v. Irwin Industrial Tool Company*, a separate case altogether, has no bearing on this matter. Second, Shalaby has failed to show that in *this* case, the parties lacked diversity jurisdiction. Moreover, Shalaby's reliance on *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017), is misplaced. In *Purchasing Power*, the court which dealt with "the difficulty of applying established diversity jurisdiction principles to 21st-century business organizations." However, unlike this case, *Purchasing Power* dealt with several layers of limited liability companies ("LLC"), wherein the citizenship of an LLC is the citizenship of each member. *Id.* at 1221. Specifically, Purchasing Power, an LLC, had one member—Purchasing Power Holdings LLC ("Holdings"). *Id.* Holdings then was made up of both individual residents and three further LLCs, including Falcon Investment Advisors LLC ("Falcon"). *Id.* At this point, the parties believed complete diversity existed, and thus the case moved forward. However, two years after removal, the parties discovered Falcon did not own an interest in Holdings directly, but rather, Falcon's interest was owned by a separate corporation it had set up for tax purposes. *Id.* at 1222. This resulted in diversity jurisdiction destroyed by this corporation. *Id.*

This is not the case here. As asserted in Shalaby's Second Amended Complaint ("SAC"), Bernzomatic, Irwin Industrial Tool Company, and Newell Operating Company, Inc. are each companies whose principal places of business are located in Atlanta, Georgia.

(SAC, Doc. No. 34, ¶ 2.) Moreover, Shalaby alleges Worthington Industries, Inc. is headquartered in Columbus Ohio. (*Id.*) Shalaby has not alleged any facts indicating otherwise in his motion to terminate the prefiling order and the Court does not find otherwise.

The Court finds the ends of justice continue to be adequately served with the prefiling order in place. Despite his claim defendants are using the prefiling order to "besmirch" his reputation, he provides no evidence of such. Despite his claim his clients are being unfairly prejudiced, he continues to file cases in his march against Bernzomatic and his belief the products are defective. And, despite other defendants noting the prefiling order's existence in their moving papers, Shalaby has not shown any consequences have befallen him or his clients from the order's continuation.

Thus, the Court **DENIES** Shalaby's motion to terminate the prefiling order without prejudice. *Luckett*, 73 Cal. Rptr. at 752 ("The denial without prejudice is an implied recognition . . . that vexatious litigant status should be erasable in appropriate circumstances." (internal quotations omitted)).

**IT IS SO ORDERED.**

Dated:  March 23, 2022

Hon. Anthony J. Battaglia
United States District Judge